### ROBERT M. BOYERS and others v. JAMES B. VINSON.

Prescription acquired by the vendee, or donee of one since deceased,[1] may be pleaded against his succession.

Art. 1989 of the Civil Code, according to which prescription runs against the syndic, or other representative of the creditors, from the day of his appointment, cannot affect vested rights previously acquired by purchasers, or donees in whose favor the prescription was complete.

APPEAL from the District Court of Ascension, *Nicholls,* J.

*W. C. Dwight,* for the appellant.

*C. A. Johnson,* for the defendant.

MARTIN, J. This is an action in which the plaintiffs seek to annul a sale and a donation of certain slaves, on the ground of simulation and fraud, to the injury of creditors. The plaintiffs are the administrator of Vinson, in the right of his intestate, and in his own, and a firm of which he is a member. The defendant urged several exceptions: 1st. That the administrator, claiming to represent all the creditors of his intestate, and the

firm, of which he is a member, being one of those creditors, he and it cannot join in this action. 2d. That the petition does not show the authority from which the administrator derives his office, the date of his appointment, nor disclose who are the creditors of his intestate, who are his constituents; nor the nature and origin of their claims, whether liquidated or not; nor any circumstances which may enable the defendant to contest them; nor the manner in which the disposal of the slaves is injurious to them. 3d. The *litispendencia* in the court of St. Mary, of an action by the plaintiffs to annul a sale of property by the intestate, subsequently to that now sought to be annulled. 4th. That the administrator of an estate, such as is stated in the petition, represents the intestate, and not his creditors. The prescription of one year was pleaded. The court sustained the exceptions, and dismissed the plaintiffs' action. They appealed.

It has not appeared to us necessary to examine the judgment in regard to any but the last exception, to wit, that of prescription. The counsel of the appellants urges, that prescription is usually pleaded in the answer, and is not available as an exception. He asks whether it be an exception, and argues that, according to the Code of Practice, (arts. 345, 902, 327), it is not. We have examined these three articles of the Code, and they have appeared to us to militate against the proposition in support of which they are offered. But the defendant has urged the matters above stated, as his exceptions and *answer* to the petition. As to the claim of the plaintiff, in his own right and that of the firm of which he is a member, the prescription was acquired by the defendant long before the inception of the present suit, which was begun several years after the judgments from which it ran. As to the right of the administrator, in consequence of the judgments obtained by the plaintiff Boyers, in his own right, and that of the firm of which he was a member: as the prescription was acquired by the vendee and donee of his intestate, it is pleadable against the estate, because a right, when legally acquired, retains its perfection until lost, or affected by some act of the person who has acquired it. If, after one year since the sale or donation, the intestate had made a cession of goods, and his syndic had brought a revocatory action against

the present defendant, the latter might have successfully plead-ed the prescription acquired before the cession, for his vendor and donor could not have put him *in duriori casu* thereby. That part of the 1989th article of the Civil Code, according to which pre-scription runs against the syndic from the day of his appoint-ment, cannot affect the vested rights theretofore acquired by purchasers or donees, in favor of whom the prescription was complete. It relates to suits which the syndic may institute, in consequence of the judgment which may result from the insol-vent's schedule, on his admission therein of his creditors' respec-tive claims.

If the prescription, acquired before the cession, is a sufficient shield against the syndic, that acquired before the death of the intestate must be equally so against his administrator.

*Judgment affirmed.*