477 So.2d 1258 (1985)
Mary R. AYO, Widow of Murphy J. Ayo
v.
CONTROL INSULATION CORPORATION and Their Insurers United States Fidelity and Guaranty Company.
No. CA-3562.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
Rehearing Denied November 26, 1985.
*1259 Judith A. De Fraites, Gertler & Gertler, New Orleans, for plaintiff-appellee.
Henry E. Yoes, III, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for defendant-appellant.
Before REDMANN, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
On March 11, 1983, plaintiff, Mary R. Ayo, filed suit against Control Insulation Corporation and its insurer USF & G Insurance Company. Plaintiff sought compensation benefits under La.R.S. 23:1031.1 for the death of her husband alleged to have resulted from an occupational disease, viz. asbestosis. From a judgment in favor of plaintiff, defendants appeal, specifying as error the trial court's failure to dismiss the action as having prescribed, and the trial court's finding that plaintiff's husband's death was caused by an occupational disease.
Mr. Ayo died on July 2, 1977. Defendants argue first that under La.R.S. 23:1031.1 as it read when Mr. Ayo died, Mrs. Ayo's right to compensation benefits prescribed six months after Mr. Ayo died, and that the amendment of the statute in 1980 did not revive Mrs. Ayo's right to claim compensation benefits under the provisions of the statute as amended. We agree and, therefore, will not discuss defendant's other arguments.
In 1977 when Mr. Ayo died the pertinent part of La.R.S. 23:1031.1 provided:
"E. All claims for death arising from an occupational disease are forever barred unless the dependent or dependents as set out herein file a claim with the deceased's employer within six months of the date of death of such employee. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein."
Assuming arguendo that Mr. Ayo's death arose from an occupational disease, Mrs. Ayo's right to claim compensation benefits became "forever barred" six months after Mr. Ayo died, as she had failed to assert her claim within the six months following his death.
In the civilian tradition, prescription is a means of acquiring real rights or of losing certain rights as the result of the passage of time. Comments, Prescription and Peremption  The 1982 Revision of The Louisiana Civil Code, 58 Tul.L.Rev. 593 (1983). Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La.C.C. art. 3447.[1] Liberative prescription is not merely a mode of discharging debts; it is a mode of extinguishing claims. La.C.C.Ann. art 3447 comment b (West.Supp.1985).
Under the scheme of the Louisiana Civil Code and the provisions of former La.R.S. 23:1031.1, Mrs. Ayo's inaction for six months following her husband's death operated to extinguish her right to claim compensation benefits. The lapse of time barred the remedy. On the expiration of the six-month period, any liability of defendant to plaintiff became judicially unenforceable.[2]See William Danzer and Co. v. Gulf and S.I.R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925).
In 1980 the Legislature amended La.R.S. 23:1031.1 to provide, in pertinent part:
"F. All claims for death arising from an occupational disease are barred unless the dependent or dependents as set out herein file a claim with the deceased's employer within six months of the date of death of such employee or within six months of the date the claimant has *1260 reasonable grounds to believe that the death resulted from an occupational disease. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein. (Emphasis added.)
Concerning whether laws receive prospective or retrospective treatment the Louisiana Supreme Court has reasoned:
"La.Civil Code art. 8 provides that "[a] law can prescribe only for the future; it can have no retrospective operation,...." Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court's consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940)."
Lott v. Haley, 370 So.2d 521, at 523 (La. 1979).
Laws of liberative prescription are remedial in nature and are generally accorded retrospective application. Lott v. Haley, supra. It does not violate due process to "repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." Chase Securities Corporation v. Donaldson, 325 U.S. 304, 311-312, 65 S.Ct. 1137, 1141, 89 L.Ed. 1628 (1945). As long as the prescriptive "bar" has not been made complete, statutes which either shorten or extend the period of prescription are subject to legislative power. Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The question remains one of legislative intent. Davis v. Valley Distributing Company, 522 F.2d 827, 830 n. 7 (9th Cir. 1975). Liberative prescription laws, however, like any other procedural or remedial law, cannot apply retrospectively to disturb a person of a preexisting right. Lott v. Haley, supra; Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972).
In Louisiana, the lapse of time necessary to prescribe vests a right in the party in whose favor it has run. The right to the effect of the prescription is not considered as "vested" until the period is complete, and before the period is completed, that right may be affected or destroyed by legislative enactment suspending or interrupting the period. Calvit v. Mulhollan, 12 Rob. 266 (1845); Anadarko Production Company v. Caddo Parish School Board, 455 So.2d 699 (La.App. 2d Cir.1984), writ den. 460 So.2d 610 (La.1984). Prescription, once acquired, like any other vested right, retains its virtue until lost or affected by some act of the person who has acquired it.[3]Boyers v. Vinson, 9 Rob. 518 (La. 1845).
In amending La.R.S. 23:1031.1 the Legislature did not express any intent to revive any claims which had prescribed prior to the effective date of the amendment. Defendants have not acted in any manner which might have affected or caused them to lose the advantages of the prescriptive "bar" made complete by Mrs. Ayo's inaction for six months following her husband's death. We find, therefore, that by failing to assert her claim within six months of her husband's death, Mrs. Ayo lost any right she may have had to claim compensation benefits for her husband's death from these defendants. The 1980 amendment did not revive Mrs. Ayo's right to claim *1261 compensation benefits, and did not destroy defendants' right, which had accrued, to raise the prescriptive "bar" to plaintiff's claim.
Accordingly, the judgment of the district court is reversed. Judgment is hereby rendered in favor of defendants. Plaintiff's action is dismissed as it is prescribed.
REVERSED AND RENDERED.
NOTES
[1] This provision is new, added by La. Acts of 1982, No. 187 Sec. 1, effective Jan. 1, 1983. It is based in part on Articles 3457 and 3459 of the Louisiana Civil Code of 1870. It does not change the law. La.C.C.Ann. art. 3447 Comment a (West.Supp.1985).
[2] When a civil obligation has been extinguished by prescription a natural obligation remains. La.C.C. art. 1762. (formerly contained in art. 1758). A natural obligation is not enforceable by judicial action. La.C.C. art. 1761 (formerly contained in art. 1759).
[3] The advantages of prescription may be renounced. See La.C.C. arts. 3449 to 3451.