## Jackson et al. v. Evans et al.

Dec. 13, 1940.

J. C. Carter, Judge.

James C. Carter, Jr., for appellant.

Hebron Lawrence for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

In 1918 the appellant, then an infant under 21 years of age, inherited some money from a deceased brother, and her father, W. T. Gillenwater, was appointed statutory guardian for appellant and executed bond as such guardian with appellees, Fred Evans and J. S. Emmert, as surety on said bond. Appellant attained the age of 21 years in June, 1923, and in September of the same year her guardian made final settlement with the county court of Monroe county showing that he had in his hands the sum of $571.70 of the trust fund belonging to his ward, the appellant, and was ordered by the county court to pay said sum to his said ward.

In April, 1938, the appellant, as plaintiff below, brought this action in the Monroe circuit court to recover of appellees as surety on said guardian bond the said sum of money due her with interest thereon from September 8, 1923, the date of the final settlement. She

alleged in her petition that W. T. Gillenwater, her father and guardian, had failed and refused to pay her any part of said money and that in 1937 the guardian died leaving no estate out of which she could collect her money, and prayed that she recover the said sum of appellees as surety on said guardian bond.

Appellees filed their joint and separate answer admitting the execution of the guardian bond and that they became sureties thereon and also admitted that the guardian was indebted to appellant in the sum stated in the petition. They further averred that they had no knowledge or belief to know whether or not said sum or any part of same had been paid to the plaintiff and, therefore, denied that same was unpaid or that they were indebted to the plaintiff in the sum sued for or any amount. In paragraph 2 of the answer sppellees alleged that appellant was about 35 years of age and that her cause of action accrued September 8, 1923, when final settlement was made by her guardian and the amount owing her was definitely ascertained; that her cause of action set out in the petition did not accrue within "five years nor seven years nor fourteen years before the commencement of this action," and pleaded and relied upon the statute of limitations as a bar to plaintiff's right to recover.

Appellant filed her reply denying the allegations of the answer, and in paragraph 2 of the reply affirmatively pleaded that prior to September 8, 1923, and prior to her attaining the age of 21 years in June, 1923, she was married to Clint Jackson, and is still married, and at the time of her marriage she was an infant and under 21 years of age and was not permitted on account of her disability of infancy and coverture to prosecute this action, and that she has been laboring under said disability from the time of her said marriage until January 1, 1937, at which time by Act of the Legislature (Chapter 44 of 1934 Acts) amending Section 2525 of the Kentucky Statutes. she was permitted to institute and prosecute this action, and that her cause of action accrued on January 1, 1937, the effective date of the amendment, and that she instituted her action five years next before the effective date of the amendment; and there was no person authorized by law to commence or institute this action until January 1, 1937.

The court sustained a demurrer to paragraph 2 of

the reply and plaintiff failing to plead further her petition was dismissed. Hence this appeal.

It is insisted in brief for appellant that since the amendment to Section 2525 did not become effective until January 1, 1937, appellant was still under disability of coverture until the effective date of the statute, and that neither she nor anyone for her could have instituted the action before January 1, 1937. It is further argued that under the provisions of Sections 2510, 2511 and 2512, Kentucky Statutes, 1930 Edition, which were also repealed by the 1934 Act, Chapter 43, appellant had three years after January 1, 1937, in which time to institute her action and that since the action was instituted within less than three years from that date the court erred in sustaining the demurrer to paragraph 2 of the reply.

We cannot agree with counsel in his insistence that appellant *could* not have instituted her action because of her disability of coverture, any time after September 8, 1923. The money sued for being the property of appellant, she might have instituted her action for recovery of same notwithstanding her coverture. However, if she chose not to bring the action during coverture she was entitled to the benefit of the statute of limitations made and provided in such cases, and but for the amendment to Section 2525 by the 1934 Acts and the repeal of Sections 2510, 2511 and 2512, she would have had three years in which to institute her action after her disability of coverture was removed by the statute or otherwise.

The effect of the Act of 1934, amending Section 2525 of the Statutes withdrawing coverture as a disability saving or prolonging the operation of the several statutes of limitations, was determined by this court in the case of Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S. W. (2d) 1063, 1067. In that case the statute of limitations was interposed as a defense and the plaintiff responded with the plea of continuous disability from the time her cause of action accrued, viz., infancy succeeded by coverture, and still a married woman. That suit was filed March 22, 1937, less than three months after the effective date of the amendment. This court disposed of the question in the following language:

"The question is whether the withdrawal as of January 1, 1937, of the extra time allowed a married woman affected one whose right to maintain a cause of action existed at the time, or whether the amendment should apply prospectively to causes of action accruing thereafter. A construction giving retroactive effect to a statute is not favored. Dean v. Board of Education of Harrodsburg, 247 Ky. 553, 57 S. W. (2d) 477. Hence unless the intention' is manifested that a legislative act shall have a retrospective effect it is not so regarded. Dunlap v. Littell, 200 Ky. 595, 255 S. W. 280; Board of Education for Montgomery County v. Greer, 259 Ky. 97, 82 S. W. (2d) 196; Webster County Board of Education v. Hocket, 267 Ky. 498, 102 S. W. (2d) 1018. A more liberal attitude is taken where the new statute relates to remedies existing or created. Ficke v. Board of Trustees of Erlanger Consolidated Graded School District, 262 Ky. 312, 90 S. W. (2d) 66. This applies to statutes of limitation (American Oak Leather Company v. Cleveland C., C. & St. L. Railroad Company, 216 Ky. 611, 288 S. W. 347), though the legislature cannot remove a bar of limitation which has become complete, nor disturb existing claims without allowing a reasonable time to bring actions thereon. Heath v. Hazelip, 159 Ky. 555, 167 S. W. 905. Had the amendment of Section 2525 of the Statutes become effective in due or ordinary course of legislative acts, there might be room for doubt as to where the deadline lay, but it expressly provides that a married woman enjoying the favor or indulgence should have nearly three years longer. She was given warning that at the end of that period it would be too late to plead such disability. The plaintiff in this action did not file her suit until three months after her right to plead disability of coverture had ended. We are of opinion, therefore, that the defendant's plea of limitations was good and the trial court should have so adjudged."

The question involved in the present case being precisely the same as the one involved in the case, supra, it follows that that case is conclusive of the present one. We may add, however, that if appellant could not have instituted her action after same accrued in 1923 because

of her disability of coverture, a different question might be presented. But since coverture was not an absolute bar to her right to institute her action if she so chose, obviously, as was held in Louisville Cooperage Co. v. Rudd, supra, the amendment to Section 2525 by the 1934 Act was notice to married women enjoying the favor of the statute of limitations because of coverture, that since they might or could institute such actions, they must do so before January 1, 1937, and after that date the plea of coverture would not be available to them.

Wherefore, the judgment is affirmed.