Richard L. Stine, of Olmstead, Stine & Campbell, Ogden, for plaintiff.

Robert B. Hansen, Atty. Gen., Salt Lake City, for Industrial Commission of Utah.

James Z. Davis, of Thatcher, Glasmann & Davis, Ogden, for Wilford J. Moore.

**DEL MONTE CORPORATION, Plaintiff,**

v.

**Wilford J. MOORE and the Industrial Commission of Utah, Defendant.**

**No. 15218.**

Supreme Court of Utah.

May 22, 1978.

CROCKETT, Justice:

Plaintiff Del Monte Corporation, a food canning company, seeks reversal of an additional workmen's compensation award to Wilford J. Moore, who suffered injury to his back when he fell while working at its Spanish Fork plant on March 20, 1968. As a result of that injury, it was necessary for Mr. Moore to have disc surgery in January of 1971. In September of 1971, the Commission awarded Moore compensation of $62 per week for 12.4 weeks for temporary total disability and $62 per week for 20 weeks based at 10 percent permanent partial disability.[1] The plaintiff paid those awards and the attendant medical expenses. No question is raised here by either party as to the findings of the original injury nor as to those awards. The controversy here relates to the subsequent award discussed below.

In November of 1974 Moore suffered an aggravation of his original injury which necessitated further disc surgery to remove residual bone particles. This additional sur-

---

1. This award was made pursuant to former Sec. 35-1-66, U.C.A., 1953.

gery was performed in May of 1975. On November 25th of that year, Moore filed an application for additional compensation for increased permanent partial disability. On March 19, 1977, the Commission made a finding of increased permanent partial disability to 20 percent, made an additional award of $62 per week for 62.4 weeks, with credit given for amounts previously paid.

At the time of the original injury, in 1968, a six-year statute of limitations was in effect. Section 35–1–66, U.C.A., 1953 then provided:

> Where the injury causes partial disability for work, the employee shall receive during such disability and for *a period of not to exceed six (6) years from the date of the injury*, a weekly compensation . . . . [Formula.]

In 1973, and thus while applicant's cause of action was still alive, that section was amended thus:

> Where the injury causes partial disability for work, the employee shall receive, during such disability for not to exceed 312 weeks over *a period of not to exceed eight years from the date of the injury*, compensation . . . [All emphasis added.]

The problem here confronted arises because applicant's supplemental claim was not filed within the former six-year limitation, but it was filed within the amended eight-year limitation. The argument of plaintiff Del Monte is that the 1973 amendment extending the statute of limitations to eight years, was not intended to be retrospective and thus to apply to claims which arose prior to that amendment, but was intended to be effective only prospectively and thus to apply only to claims that arose subsequent to that amendment.

■ The general and well-established principle of law is that statutes prescribing limitations relate to remedies;[2] and that the legislature has power to increase the time in which an action may be brought. In that connection it should be observed

that if the statute has run on a cause of action, so that it is dead, it cannot be revived by any such statutory extension. But if the cause of action is still alive, the new enactment can extend the time in which it may be brought.[3] That is what happened in this case. Inasmuch as applicant's original injury occurred in 1968, his right to assert it was alive and well under the six-year statute when it was amended in 1973 to extend the time to eight years; and after that amendment he had eight years, from the date of his original injury, that is, until 1976, in which to file his supplemental claim. Therefore, the Commission correctly ruled that his filing of the instant application for further compensation on November 25, 1975, was within the extended time.

Affirmed.

Costs to defendant Moore.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

2. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, cited in 51 Am.Jur.2d, Limitations of Actions, Sec. 40.

3. *State Tax Comm. v. Spanish Fork*, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816, cited in 51 Am.Jur.2d, Limitations of Actions, Sec. 40.