Laura M. MERKWAN, Plaintiff
and Appellant,

v.

Dr. Merwin LECKEY, Defendant
and Appellee.

No. 14888.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1985.

Decided Oct. 30, 1985.

Karen E. Schreier of Hagen & Wilka, Sioux Falls, for plaintiff and appellant.

Thomas R. Pardy of Mumford, Protsch & Pardy, Howard, and Timothy J. Nimick of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

HENDERSON, Justice.

This is a civil appeal from a Judgment filed December 12, 1984, which dismissed the present action for damages for alleged rape as being barred by the statute of limitations. We affirm.

Laura M. Merkwan (Merkwan), plaintiff-appellant, alleges that in April 1979, she was raped by Dr. Merwin Leckey (Leckey), defendant-appellee. At that time, Merkwan was a high school student and Leckey was the veterinarian used by Merkwan's father. After the alleged incident, Merkwan became withdrawn and reclusive but she graduated from high school, got married, and has since moved to Park County, Wyoming.

On August 14, 1983, while receiving counseling from Frank E. Burke, M.S. (Burke) in Wyoming, Merkwan indicated that she had been raped and, partially as a result of the alleged rape, she did not like herself as a woman. On November 7, 1983, after weekly counseling sessions, Merkwan revealed the details and the identity of her alleged attacker to Burke.

On September 7, 1984, the present action was commenced by the service of a summons and complaint. The complaint, inter alia, alleged causes of action for sexual assault, battery and duress against Leckey and prayed for $1,202,600 in actual and exemplary damages. Leckey answered denying the allegations and affirmatively asserted the statute of limitations. A motion to dismiss on the grounds that the action was barred by the statute of limitations

was then filed and a hearing thereon was held on November 13, 1984.

Merkwan's resistence to the motion was, in substance, that the statute of limitations had been tolled under SDCL 15–2–22(2) because Merkwan's mental condition, resulting from the duress occasioned by the incident, interfered with her ability to meaningfully comprehend her legal rights and to act upon them in a rational way.

At the hearing, Burke's affidavit was presented to the court. This affidavit, in sum, stated that it was Burke's opinion that as a result of the alleged incident, Merkwan was placed under severe duress and fear to the point that her mental condition was such that she could not relate the facts of the alleged rape to anyone. At this hearing, Dr. Tajammul H. Bhatti also testified. Dr. Bhatti is a licensed and practicing psychiatrist from Sioux Falls. Dr. Bhatti saw Merkwan on two occasions one month prior to the motion hearing. Dr. Bhatti testified that Merkwan's psychological condition was burdened by unresolved traumatic reaction or delayed stress and that because of this, she could not relate with anyone, until she received counseling, the fact that she had been allegedly sexually assaulted.

On cross-examination, however, Dr. Bhatti admitted that Merkwan was not mentally ill; that she was not a danger to herself or others; that she had sufficient understanding or capacity to make responsible decisions concerning herself; that she had the capacity to meet the ordinary affairs of life; that her intelligence level has not been affected; and that she could comprehend her legal rights and liabilities, and manage her own business affairs and property. This testimony was not contradicted.

The trial court thereafter entered Judgment for Leckey, dismissing the action on the grounds that it was barred by the statute of limitations and determining that Merkwan did not come within any statutory exception which would extend or toll the statutory period. From this Judgment, Merkwan now appeals.

This factual scenario and Judgment present but one issue: Was Merkwan's action barred by the applicable statute of limitations? We hold that it was.

The statute of limitations for "assault, battery" is two years. SDCL 15–2–15(1). Merkwan claims she was raped in April 1979. She started her action by summons and complaint on September 7, 1984, well over five years after the alleged rape. Merkwan claims that she was entitled to bring the action as she was "mentally ill" at the time the cause of action accrued. *See* SDCL 15–2–22(2). Dr. Bhatti was her medical expert. His testimony was thoroughly impeached. Her own medical expert caved in on her theory that she had suffered from "an unresolved traumatic reaction." As stated above, Dr. Bhatti, on cross-examination, testified, inter alia, that Merkwan was not mentally ill and could comprehend her legal rights and liabilities. This testimony was not contradicted on redirect examination. A party who introduces a witness to testify on his or her behalf, in the absence of contradictory evidence, is bound by such testimony. 32A C.J.S. *Evidence* § 1040(1), at 762–63 (1964). *See also, Rogars v. St. Jude Hospital,* 252 Cal.App.2d 496, 499, 60 Cal.Rptr. 528, 531 (1967); *Dix v. Spampinato,* 28 Md.App. 81, 107, 344 A.2d 155, 170 (1975), *aff'd,* 278 Md. 34, 358 A.2d 237 (1976); *Silberstein v. Berwald,* 460 S.W.2d 707, 710 (Mo.1970); *Hensley v. Stevens,* 156 Mont. 486, 488, 481 P.2d 694, 696 (1971); *Carl v. Matzko,* 213 Pa.Super. 446, 452, 249 A.2d 808, 811 (1968); *Crider v. Infinger Transp. Co.,* 248 S.C. 10, 13, 148 S.E.2d 732, 735 (1966); *Cowan v. Dean,* 81 S.D. 486, 496, 137 N.W.2d 337, 342 (1965); *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.,* 518 S.W.2d 257, 264 (Tex.Civ.App.1974). Under the facts and circumstances of this case, Merkwan was properly barred from bringing her cause of action and the trial court was faced with dates and overwhelming evidence to justify a dismissal of the action upon motion. The purpose of a statute of limitations is a speedy and fair adjudication of the respective rights of the parties. *Burke v. Foss,* 334 N.W.2d 861, 864 (S.D.

1983). A defense predicated upon the statute of limitations is meritorious and is not to be disregarded with disfavor by this Court. *Arbach v. Gruba*, 86 S.D. 591, 596, 199 N.W.2d 697, 700 (1972).

Affirmed.

All the Justices concur.

WUEST and HERTZ, Circuit Judges, Acting as Supreme Court Justices, participating.