137 Wis.2d 57 (1987)
403 N.W.2d 434
IN RE the PATERNITY OF D.L.T.:
STATE of Wisconsin, Petitioner-Respondent,
v.
D.B., Respondent-Appellant.
No. 85-0367.
Supreme Court of Wisconsin.
Submitted on briefs January 7, 1987.
Decided April 8, 1987.
For the respondent-appellant there were briefs by Bryan Borman, assistant state public defender, Waukesha.
For the petitioner-respondent, there was a brief by Steve Schmitz, assistant corporation counsel, Waukesha.
*58 HEFFERNAN, CHIEF JUSTICE.
This is an appeal from an order of the circuit court for Waukesha county, Patrick L. Snyder, Circuit Judge, accepted by this court on the certification of the court of appeals pursuant to Rule 809.61. The order appealed from, entered February 15, 1985, reversed an order of a court commissioner who had dismissed the action because the period of limitations had run. We reverse and remand to the circuit court with directions to dismiss the action because it is barred by the statute of limitations.
The litigation arises out of the birth out of wedlock of D.L.T. on January 14, 1976. This paternity action was commenced by the State of Wisconsin against defendant D.B. on May 29, 1984.
The state's cause of action accrued upon the birth of the child. The statute of limitations then in effect, sec. 893.195, Stats. 1975, stated that a paternity action must be brought "[w]ithin 5 years of the date of birth of a child ...." It is agreed by the parties that the period of limitations that would bar this action expired in January of 1981, five years after D.L.T.'s birth, unless subsequently enacted legislation revived the time-barred claim.
In 1980, sec. 893.195 was renumbered as sec. 893.88 and the period of limitations was extended to six years. Under the provisions of sec. 990.06, Stats., however, the 1980 amendment did not affect the period of limitations applicable to the state's cause of action against D.B. The presumption of legislative intent where there is a changed period of limitations is stated in sec. 990.06, Stats.[1] It provides:

*59 990.06 REPEAL OR CHANGE OF LAW LIMITING TIME FOR BRINGING ACTIONS. In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.
It is the meaning of the last portion of the statute, "unless such repealing act shall otherwise expressly provide," that is crucial to the resolution of this appeal.
In July 1981, the period of limitations was expanded to encompass a cause of action brought by the child. The amended statute provided, sec. 893.88(2), Stats.:
"An action for the establishment of the paternity of a child by the child shall be commenced within 19 years of the date of the birth of the child or be barred." (Emphasis supplied.)
This was, in effect, the creation of a new cause of action on behalf of the child. This court's decision in J.M.S. v. Benson, 98 Wis. 2d 406, 297 N. W. 2d 18 (1980), recognized the exclusive remedy afforded by statutes that allowed causes of actions for paternity. Prior to 1981, only the state, through the district attorney, could bring paternity proceedings.
*60 In 1984, sec. 893.88, Stats., was again amended to provide:
"Notwithstanding s. 990.06, an action for the establishment of the paternity of a child shall be commenced within 19 years of the date of the birth of the child or be barred."
It is conceded by the state that, at the time the present action was commenced, the state's cause of action under previous statutes was time-barred. It contends, however, that the "notwithstanding" language of the 1984 amendment to sec. 893.88, Stats., has the effect of reviving the state's action by setting aside the strictures of sec. 990.06that the language "expressly" provides for the abrogation of the rule of statutory construction stated in the statute.
It is the contention of the defendant that no language purporting to alter the usual presumption of sec. 990.06, Stats., can "revive" an already barred action and that to so interpret the scope of sec. 990.06 would raise serious constitutional problems.[2]
*61 Thus, it is argued by the defendant, all that is meant by the new "notwithstanding" language of sec. 893.88, Stats., is that a period of limitations which has commenced to run on an existing cause of action can be extended to a total period of nineteen years. To assume a hypothetical situation: If a child were born on January 1, 1980, the cause of action would have accrued on that date. The period of limitations in effect on that date was five years. Thus, the cause of action for the child's paternity would become time-barred by sec. 990.06 in 1985 were it not for the intervention of the 1984 statute that "expressly" provided otherwise. The defendant takes the position that, in respect to certain paternity actions, the "notwithstanding s. 990.06" language allows the extension of time to bring a paternity action only where the cause of action has accrued but where the period of limitations has not yet expired. We conclude that the defendant is clearly correct. But in the instant case, the statute of limitations in effect at the time of the accrual of the cause of action has expired, and it expired in January of 1981. It is dead and beyond resuscitation.
The language of sec. 990.06, Stats., is in itself dispositive. It twice refers to a period of limitations which has "begun to run." It nowhere states or implies that there could be any legislative manipulation of a period of limitations that had run. Section 990.06 addresses a single question: What effect is to be given to an amended statute of limitations where the prior legislatively declared limitations period has commenced to run on an existing and presently enforceable cause of action? The amended statute of limitations has no effect whatsoever on an existing cause of *62 action unless the amending legislation "expressly" provides otherwise.
All the legislation can do is fixed by the subject matter ambit of sec. 990.06, Stats.where there is an existing cause of action on which the period of limitations has "begun to run." There are but two statutory alternatives: One, if the legislature says nothing expressly to the contrary, the prior statute of limitations controls; or, two, the legislature may "otherwise expressly provide," in which case the new statute of limitations also will be applicable to an existing cause of action.
In the instant case, the legislature expressly overrode the presumption that the old period would be applicable to existing and viable causes of action for paternity. Thus, in respect to causes of action that had accrued and for which the period was running, the time was extended to encompass a period of nineteen years measured from the date of birth of the child.
The statutes in question have nothing whatsoever to do with a cause of action on which the statute of limitations has run to completion prior to the effective date of the amending legislation. That this is the case is made clear in the discussion of the identical statute, then sec. 370.06, Stats., in Estate of Tinker, 227 Wis. 519, 279 N.W. 83 (1938). In stating the purpose of the rule of statutory construction, now sec. 990.06, this court said:
"This is in accordance with the usual rule that statutes changing the period of limitations are deemed to be prospective in operation in the absence of express provisions to the contrary. It is, of course, beyond question that it is within the competency of the legislature to repeal statutes of limitation and to make the repeal effective as to *63 causes of action which have accrued but which have already not been barred by the statute." 227 Wis. at 523-24 (Emphasis supplied.)
The legislature by sec. 893.88, Stats., as amended in 1984, by express language, made the newly enacted period of limitations retrospectively applicable to causes of action for paternity that had accrued but which had not at the time of the new legislation been time-barred. The legislature did not, however, intend to revive a barred cause of action, such as this one. The circuit court erred in so holding; and, accordingly, we reverse and remand with directions to dismiss the state's complaint.
In passing, we refer to two additional arguments made by the state. The state asserts that State v. ILHR Department, 101 Wis. 2d 396, 304 N.W.2d 758 (1981), permits the revival by subsequent legislation of a barred claim. It does not. As the facts of that case reveal, the barred claim for worker's compensation against the employer and its insurer were not revived. In our opinion, this court interpreted a new statute that created a new right against a new entity, the supplemental fund. The concurrence of Justice Callow expressly recognized what is implicit in the majority opinion that "the statute does not revive an old cause of action; it creates an entirely new one." 101 Wis. 2d at 407. State v. ILHR Department is irrelevant to the present fact situation.
The state also attempts to raise a constitutional challenge. It is contended that the upholding of the bar of the five-year statute of limitations would deny the out-of-wedlock child equal protection of the law. It is asserted, "There is no statute in Wisconsin which limits the time period within which an action to obtain support from the father of a legitimate minor *64 child must be commenced." The state's argument is that the right of a child born out of wedlock does not have the beneficent protection of the law, i.e., the argument is the exposition of the obvious that, if the child is born in wedlock, paternity, with its incumbent responsibilities, is assumed. This court has, however, in In re Paternity of R. W. L., 116 Wis. 2d 150, 341 N.W.2d 682 (1984), considered a certified question of whether an illegitimate child could bring a paternity action when a previous action brought by the district attorney was barred by the five-year statute of limitations. We held that such an action, under the circumstances there, could be brought, and we remanded the matter to the circuit court for further proceedings. We point out, however, that we are not herein concerned with the child's individual case. We are concerned with whether the state's barred cause of action was revived by sec. 893.88, Stats. (1984). The equal-protection question was not posed in the certification of the court of appeals, nor do we find reference to it in the circuit court decision that accompanied the order from which this appeal was taken. The question is not before us, nor do we believe that the state in its advocacy of its own case has standing on this appeal to raise the question for the first time in this court. Thus, we do not in this case have occasion to expressly ratify R. W. L., but, as we have indicated, Paternity of R.W.L. is instructive in respect to future claims of paternity and support in cases where the child is born out of wedlock and the state's case is barred by limitations.
By the Court.Order reversed and cause remanded with directions to dismiss the state's complaint.
NOTES
[1] This statute was enacted in 1878 and first appeared in the statutes of that year as sec. 4976. It has not been changed since its original enactment.
[2] We agree that to interpret the statute to allow the revival of time-barred causes of action would raise serious questions of constitutionality. See, Haase v. Sawicki, 20 Wis. 2d 308, 121 N.W.2d 876 (1963). We decline to place an unconstitutional gloss upon the statute, particularly because the language of the statute precluded any evidence of an intent to affect any causes of action other than those that are viable at the time a repealing statute was made effective. It should be noted that sec. 990.06, which has been a part of our statutes since 1878, has never been assailed on constitutional grounds. It would seem most inappropriate to adopt a strained construction of this statute and thus render unconstitutional a useful and venerable guideline for statutory construction. See also, Borello v. U.S. Oil Co., 130 Wis. 2d 397, 415-16, 388 N.W.2d 140 (1986).