IN RE the PATERNITY OF D.S.L.: D.S.L., Peti-
tioner-Appellant,

v.

T.L.S., Respondent.†

Court of Appeals

*No. 90–1576–FT. Submitted on briefs November 16,
1990.—Decided December 18, 1990.*

(Also reported in 465 N.W.2d 242.)

† Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the brief of *John A. Evans* of *Evans, Venci, Camilli, Bowman & Dolata* of Green Bay.

On behalf of the respondent, the cause was submitted on the brief of *Donald Radosevich* of *Radosevich, Mozinski & Cashman* of Manitowoc.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. D.S.L., a minor proceeding through his guardian ad litem, appeals a grant of summary judgment in a paternity action against T.L.S.[1] The trial

---

[1] This is an expedited appeal under Rule 809.17, Stats.

court ruled that the state of Wisconsin was the party with the primary interest in the paternity proceeding, and that the applicable statute of limitations barred the state from commencing a paternity action ten years after D.S.L.'s birth. We conclude that the trial court erred by dismissing the complaint absent a finding that the guardian ad litem was not proceeding in the best interests of the child. The judgment of the trial court is reversed and the cause remanded for further proceedings.

The facts in this matter are not in dispute. D.S.L. was born in August of 1978. Initially, the state commenced a paternity action in 1983, but it was dismissed when the child moved from Calumet County. In November 1988, the mother applied for and received AFDC benefits in Brown County. She completed a Paternity Questionnaire-Affidavit that stated the form must be completed "in order to start a Paternity Case for you and your non-marital child by the Corporation Counsel's office." The Brown County Corporation Counsel petitioned the court for a guardian ad litem to pursue a paternity action. The guardian was appointed on March 1, 1989. This action was commenced on March 10, 1989.

T.L.S. asserted a statute of limitations defense to the action. At the motion hearing, the minor child appeared by his guardian ad litem. The alleged father was represented by counsel, and the corporation counsel charged with prosecuting paternity cases also appeared. The guardian ad litem, as part of his response to the motion to dismiss, had filed an affidavit by the original guardian ad litem in the case, averring:

> That your affiant made an independent investigation and review of this matter and concluded that a paternity action would be in the child's best interest . . ..

749

That the decision to start this action was made independently by your affiant acting in his capacity as an attorney in the private practice of law and in the best interest of the child and not to represent the State of Wisconsin;

. . ..

That your affiant has, in all cases in which he was appointed Guardian ad Litem for the child, based his decision to start a paternity action on the best interests of the child and has, on more than one occasion refused to start an action on behalf of a child regardless of the desires of anyone representing the state of Wisconsin.

The trial court ruled that the action was governed by the statute of limitations barring paternity actions commenced by the state more than five years after a child's birth. The court reasoned as follows:

I agree with counsel for the respondent that the facts suggest that the action is really being brought in the name of the state of Wisconsin. This is because the state has a primary interest in protecting the public treasury, and the entire matter has been investigated by the child's Guardian ad Litem proceeding under statutory authority. The effect of this is to make the real party in interest the state of Wisconsin as against that of the child.

An appellate court must separate the trial court's factual determinations from its conclusions of law and apply the appropriate standard of review to each. *DOR v. Exxon Corp.,* 90 Wis. 2d 700, 712–13, 281 N.W.2d 94, 101 (1979), *aff'd,* 447 U.S. 207 (1980). Here, the trial court's factual determination that the state had a strong interest in this paternity action is not clearly erroneous. *See* sec. 805.17(2), Stats. Its legal conclusion that a

minor's paternity complaint may be dismissed where the state has a strong interest in the action and the statute of limitations barring paternity actions by the state has run, however, we review de novo. *See First Nat'l Leas. Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

The statute of limitations in effect at the time of the child's birth, sec. 893.195, Stats. (1977), provided that a paternity action had to be commenced "[w]ithin 5 years of the date of birth of a child . . .." In 1980, that section was renumbered as sec. 893.88, and the period of limitations was extended to six years. *See* sec. 893.88(1), Stats. (1981–82). However, because of the operation of sec. 990.06, Stats.,[2] that extension did not affect the five-year statute of limitations applicable to the state's cause of action. *In re D.L.T.,* 137 Wis. 2d 57, 58–59, 403 N.W.2d 434, 435 (1987). In July, 1981, the legislature expanded the period of limitations to encompass a cause of action brought by the child. *Id.* The child could commence an action within nineteen years of the date of his or her birth. Section 893.88(2), Stats. (1981–82). In 1984, sec. 893.88 was again amended to provide that actions to establish paternity commenced by any party

---

[2]Section 990.06 provides:

**Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

within nineteen years of the child's birth date would not be time barred. *See* sec. 893.88, Stats. (1985–86). The 1984 amendment, however, did not operate to revive the state's cause of action if it was time barred prior to the enactment of the amendment. *D.L.T.,* 137 Wis. 2d at 63, 403 N.W.2d at 437.

If this paternity action, then, were one commenced by the state, it would have been barred after August of 1983. If the action were commenced by the minor child, however, it would be within the statute of limitations.

A guardian ad litem in Wisconsin is appointed to act in the best interests of the child. *See* secs. 48.02(9) and 767.475(1), Stats. A child in a paternity proceeding can have many interests divergent from those of the state or of the child's mother. The state's primary interest is to protect the public from the burden of supporting children born out of wedlock where fathers are financially able to contribute to their maintenance. *In re R.W.L.,* 116 Wis. 2d 150, 161, 341 N.W.2d 682, 687 (1984). The mother may have a variety of reasons for not initiating paternity proceedings, including a continuing relationship with the father, or a desire to avoid the disapproval of her family or the community. *Id.* at 160–61, 341 N.W.2d at 686.

The child, however, can be interested in determining his or her right to support or inheritance, and the father's right to seek custody. *See* Holz, *The Trial of a Paternity Case,* 50 Marq. L. Rev. 450, 452 (1967). Additionally, as the guardian ad litem points out, the child may have an interest in obtaining a complete medical history, amassing genealogical information, or establishing a meaningful bond with his or her father. The guardian ad litem is appointed by the court to protect these interests.

While the interests of the child, mother and state can be divergent, they may also converge on some issues. The trial court erred as a matter of law by ruling that the existence of a strong state interest in the proceeding, coupled with the fact that "the entire matter has been investigated by the child's guardian ad litem proceeding under statutory authority" meant that the state was the only real party in interest. For the complaint in this action to be barred, the court would need to find that the guardian ad litem was not acting in the child's best interests.[3]

Were a trial court to rule that a guardian ad litem was not acting in the best interests of the child in initiating a paternity action, the proper procedure would be to dismiss the action without prejudice (because the child could not be held to have initiated the action, he would not be foreclosed from future action); to remove the guardian for violation of his statutorily mandated duty; and to reappoint another guardian. Because the guardian ad litem is court-appointed, it is the court's duty to oversee his or her performance of a guardian's obligations.

We reverse and remand to the trial court for a determination of whether the guardian ad litem was acting in the best interests of the child.

*By the Court.*—Judgment reversed and cause remanded.

---

[3]In *R.W.L.*, the supreme court directed the trial court on remand of a paternity action to address an issue raised on briefs and in oral argument by the putative father: whether the guardian ad litem was actually representing the state and the district attorney's office, *and not the child. Id.* at 164–65, 341 N.W.2d at 688.