STATE OF MINNESOTA, ex rel., Brenda J. HOVE, Plaintiff and Appellee,

v.

Donald C. DOESE, Defendant and Appellant.

No. 17838.

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 1992.

Reassigned Feb. 18, 1993.

Decided June 9, 1993.

A. Thomas Pokela, Asst. Atty. Gen., Dept. of Social Services, Office of Child Support Enforcement, Sioux Falls, for plaintiff and appellee.

Acie W. Matthews of Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and appellant.

HENDERSON, Justice (on reassignment).

### PROCEDURAL HISTORY/ISSUES

This paternity action commenced on December 28, 1991, when the State of Minnesota, on behalf of Brenda J. Hove (Hove), served a summons, Order for Hearing, and various other papers upon Donald C. Doese (Doese) of Sioux Falls. Doese promptly responded and requested that a copy of the complaint be served. On January 27, 1992, said complaint was served, with Doese filing his answer and a Motion to Dismiss the following day.

After the trial court denied the motion, Doese filed a Petition for Intermediate Appeal on February 14, 1992, which was granted by this Court on March 6, 1992, raising the following issues:

I. Do the aims and purposes of a statute of limitations involving paternity proceedings protect defendants such as Doese?

II. Does an amendment enlarging a statute of limitations apply to causes of action which were previously time-barred by the prior statute?

III. Was Doese denied due process and equal protection by the revival of a cause of action previously time-barred?

We reverse the trial court and hold that the cause of action, herein alleged, which was previously barred by the statute of limitations, cannot be retroactively applied by subsequent legislation.

### FACTS

On March 15, 1976, Brenda Johnson Hove gave birth to M.A.W. and designated the child as "illegitimate" on the Minnesota birth record. Over eight years later, in August of 1984, the Child Support Office of Morrison County, Minnesota sent a letter to Doese naming him as a putative father

of M.A.W. and seeking child support. Doese promptly denied paternity and asserted that the action had been barred by the six-year statute of limitations under SDCL 25–8–9 as of March 15, 1982.

Neither Minnesota nor Hove ever replied, reacted or responded to Doese's denial. Some seven years later—nearly sixteen years after M.A.W. was born—Minnesota served various documents on Doese, including an Order for Hearing. (No complaint was served.) Claiming that the 1989 amendment to SDCL 25–8–9 revived the previously barred paternity action, these December 1991 documents sought determination of paternity, child support arrearages, future support, attorney's fees, and expenses.

On January 19, 1992, nine days before he received the formal complaint, Doese filed an answer setting forth several defenses and an accompanying affidavit. He also filed a Motion to Dismiss claiming that the paternity action was barred by the statute of limitations. After the trial court denied the motion, he requested and was granted this intermediate appeal.

## DECISION

■ A man should live up to his responsibilities by caring for and supporting his offspring. However, when a man denies paternity, this Court must look to the law to determine the paternity claim. Doese may, in fact, be the biological father. That, however, is not the issue before this Court. As questions of law are fully reviewable by this Court, *Matter of SDDS, Inc.*, 472 N.W.2d 502, 507 (S.D.1991), our main concern is whether new legislation may revive a cause of action previously barred by the statute of limitations.

When Minnesota contacted Doese in 1984, he denied paternity and asserted that the paternity action was barred because over six years had passed since M.A.W.'s birth. SDCL 25–8–9 then provided:

Proceedings to enforce the obligation of the father may not be brought after the lapse of more than six years from the birth of the child, unless paternity has been judicially established, or has been

acknowledged by the father in writing or by furnishing of support.

With the action time-barred, Minnesota abandoned its legal efforts. However, in 1986, the statute was amended as follows:

Proceedings to establish paternity and enforce the obligations of the father may be brought at any time prior to the eighteenth birthday of the child. The provisions of this section apply to all children who have been born since July 1, 1968.

Another amendment to SDCL 25–8–9 was passed in 1989:

Proceedings to establish paternity and enforce the obligations of the father may be brought at any time before the eighteenth birthday of the child.

Nearly three years after the current statute was amended, Minnesota re-entered the picture claiming the cause of action had been resurrected by this subsequent legislation. SDCL 2–14–21 addresses the issue of retroactive application of statutes as follows:

No part of the code of laws enacted by § 2–16–13 shall be construed as retroactive unless such intention plainly appears.

In 1986, such intention did plainly appear as: "[t]he provisions of this section apply to all children who have been born since July 1, 1968." Yet, this language was removed from the 1989 version of SDCL 25–8–9, and with it any plain intention of retroactivity. Minnesota's cause of action was barred in 1984 and remains so today.

This train of thought is hardly novel. In 1975, Wisconsin law stated that a paternity action must be brought within five (5) years of the date of a child's birth. *In re Paternity of D.L.T.*, 137 Wis.2d 57, 403 N.W.2d 434 (1987), involved a paternity action that had expired under the statute of limitations in 1981, however an amended statute supposedly revived the action in 1984. Under the new legislation, a cause of action was permitted up to 19 years from the date of birth. Wisconsin's highest court held that the legislature could not revive a cause of action which had previously been barred by the statute of limita-

tions. Thus, the retroactive paternity claim was forbidden. In 1990, Wisconsin reinforced this holding with *In re Paternity of D.S.L.*, 159 Wis.2d 747, 465 N.W.2d 242 (App.1990). We submit to the same rationale.

This Court was exposed to the issue of reviving time-barred actions in *West v. John Morrell & Co.*, 460 N.W.2d 745 (S.D. 1990), where a 1980 amendment to a tort law changed the triggering date for a cause of action and enlarged the limitations period. Essentially, on July 1, 1980, John Morrell became a defendant in a worker's compensation claim that had previously expired under the statutes. This Court held that the amendment to SDCL 62–7–35 had a "definite effect upon John Morrell's substantive rights in this case and cannot be retroactively applied under these facts." *Id.* at 747. Statutes which affect substantive rights are not given retroactive effect. *Id.* We should continue to follow this same logic. Other jurisdictions do.

■ Where a statute limits the time during which a cause of action can arise, it abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued. It is substantive. *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

We seemingly held contrary in *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989), when we cited authority from other jurisdictions for the proposition that statutes of limitation are remedial, not substantive. However, this Court has not abandoned the rule cited earlier in this writing that laws will have a retroactive effect only when such intention plainly appears. SDCL 2–14–21. Furthermore, the end result in *Lyons* was this Court refused to revive a cause of action which had been barred by the passage of time.

■ The great preponderance of authority favors the view that one who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law. 51 Am.Jur.2d, *Limitation of Actions*, § 44 (1970). In every case of

doubt, the doubt must be resolved against the retrospective effect and in favor of prospective construction only. *First Nat. Bank of Minneapolis v. Kehn Ranch*, 394 N.W.2d 709, 717 (S.D.1986); *State v. Westling*, 81 S.D. 34, 130 N.W.2d 109 (1964).

Most state courts addressing the issue of the retroactivity of statutes have held that legislation which attempts to revive claims which have been previously time-barred impermissibly interferes with vested rights of the defendant, and thus violates due process. These courts have taken the position that the passing of the limitations period creates a vested right of defense in the defendant, which cannot be removed by subsequent legislative action expanding the limitations period. *See Waller v. Pittsburgh Corning Corp.*, 742 F.Supp. 581 (D.Kan.1990), *aff'd*, 946 F.2d 1514 (10th Cir.1991); *Lundquist v. Coddington Bros., Inc.*, 202 F.Supp. 19 (W.D.Wis.1962); *Wasson v. State ex rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933); *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413 (Del.1984); *Mazda Motors of America v. S.C. Henderson & Sons*, 364 So.2d 107 (Fla.Dist.Ct.App.1978), *cert. denied*, 378 So.2d 348 (1979); *Sanchez v. Access Associates*, 179 Ill.App.3d 961, 128 Ill.Dec. 813, 535 N.E.2d 27 (1989); *Jackson v. Evans*, 284 Ky. 748, 145 S.W.2d 1061 (1940); *Ayo v. Control Insulation Corp.*, 477 So.2d 1258 (La.Ct.App.1985), *cert. denied*, 481 So.2d 1349 (1986); *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814 (Me.1980); *Zitomer v. Slate*, 21 Md.App. 709, 321 A.2d 328 (1974), *rev'd on other grounds*, 275 Md. 534, 341 A.2d 789 (1975), *cert. denied*, 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Lohrstorfer v. Lohrstorfer*, 140 Mich. 551, 104 N.W. 142 (1905); *Cole v. National Life Ins. Co.*, 549 So.2d 1301 (Miss.1989); *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938 (Mo.App.1982); *Williams v. Wellman–Power Gas, Inc.*, 174 Mont. 387, 571 P.2d 90 (1977); *Gould v. Concord Hospital*, 126 N.H. 405, 493 A.2d 1193 (1985); *Givens v. Anchor Packing, Inc.*, 237 Neb. 565, 466 N.W.2d 771 (1991); *Grand Island School Dist. v. Celotex Corp.*, 203 Neb. 559, 279

N.W.2d 603 (1979); *Colony Hill Condominium I Ass'n v. Colony Co.*, 70 N.C.App. 390, 320 S.E.2d 273 (1984), *cert. denied*, 312 N.C. 796, 325 S.E.2d 485 (1985); *Overmiller v. D.E. Horn & Co.*, 191 Pa.Super. 562, 159 A.2d 245 (1960); *Mann v. Jack Roach Bissonnet, Inc.*, 623 S.W.2d 716 (Tex.App.1981); *Del Monte Corp. v. Moore*, 580 P.2d 224 (Utah 1978); *School Bd. of Norfolk v. U.S. Gypsum Co.*, 234 Va. 32, 360 S.E.2d 325 (1987); *Haase v. Sawicki*, 20 Wis.2d 308, 121 N.W.2d 876 (1963).

◼ Even the state legislature which creates a statute of limitations may not enact a statute that retroactively revives a cause of action already barred by the statute of limitations. Sutherland Stat. Const. § 41.09 at 396 (4th Ed.1986). When a right to sue has expired under the applicable statute of limitations prior to the effective date of a new and longer statute, the new limitations period cannot revive the expired cause of action. Amendments extending the time of a filing of a lawsuit will not be applied retroactively to revive causes of action previously barred. *See People v. Holleron*, 797 P.2d 806 (Colo.App.1990); *Sanchez v. Access Associates*, 179 Ill. App.3d 961, 128 Ill.Dec. 813, 535 N.E.2d 27 (1989); *Green v. Karol*, 168 Ind.App. 467, 344 N.E.2d 106 (1976); *LeBlanc v. City of Lafayette*, 558 So.2d 259 (La.App.1990); *Sessa v. State*, 88 Misc.2d 454, 388 N.Y.S.2d 513 (1976); *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 508 A.2d 330 (1986); *Twomey v. Carlton House of Providence, Inc.*, 113 R.I. 264, 320 A.2d 98 (1974); *Goff v. Mills*, 279 S.C. 382, 308 S.E.2d 778 (1983) (An enlargement of the limitations period would govern the claim because it had not been time-barred under the pre-existing statute); *United States Rubber Co. v. McManus*, 211 S.C. 342, 45 S.E.2d 335 (1947); *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975); *Greenhalgh v. Payson City*, 530 P.2d 799 (Utah 1975); *Haase v. Sawicki*, 20 Wis.2d 308, 121 N.W.2d 876 (1963).

In addition, several state courts have found revival legislation invalid under specific provisions in their state constitutions which prohibit retroactive legislation. *See Tyson v. Johns–Manville Sales Corp.*, 399 So.2d 263 (Ala.1981); *Jefferson County Dept. of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980); *Uber v. Missouri Pacific Railroad Co.*, 441 S.W.2d 682 (Mo.1969); *Gould v. Concord Hosp.*, 126 N.H. 405, 493 A.2d 1193 (1985); *Wright v. Keiser*, 568 P.2d 1262 (Okla.1977); *Commonwealth v. Thek*, 376 Pa.Super. 390, 546 A.2d 83 (1988); *Ford Motor Co. v. Moulton*, 511 S.W.2d 690 (Tenn.1974), *cert. denied*, 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 (1974).

◼ Overall, the states logically hold that once the statute of limitations period has expired, the respective action is barred or non-existent. Generally, one does not contemplate the consequences of their actions under the applicable statute of limitations. Nonetheless, through legislative grace, people can be freed from the consequences of their actions after a statutory period of time resulting in peace of mind for the individual, less docket congestion, fewer administrative problems for the courts, and less work for law enforcement agencies. Stale cases are eliminated. To hold otherwise, would allow for a dangerous precedent where any limitation period can be rewritten retroactively, thus making the purpose of statutes of limitations meaningless. The purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties. *Merkwan v. Leckey*, 376 N.W.2d 52 (S.D.1985); *Burke v. Foss*, 334 N.W.2d 861 (S.D.1983). This Court has said that a defense based on a statute of limitations is meritorious and should not be regarded with disfavor. It should be treated like any other defense. We held so in *Chipperfield v. Woessner*, 84 S.D. 13, 14, 166 N.W.2d 727, 728 (1969), and reaffirmed this thinking in 1983. *Burke* at 864. As recently as 1985, we faced a statute of limitations issue and held so again. *Merkwan* at 54.

In *Clark v. Jeter*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988), the United States Supreme Court dealt with the issue of paternity claims barred by the statute of limitations. Although Pennsylvania law

placed a six-year limit on paternity actions, the mother of the child did not file until almost ten years after the birth. Subsequently, the trial court found the action to be barred by the statute of limitations. While the case was on appeal, the legislature increased the statute to eighteen years. However, the Pennsylvania Supreme Court held that the amendment could not revive the cause of action.

The U.S. Supreme Court outlined equal protection challenges to statutes of limitations concerning the establishment of paternity.

> First, the period for obtaining support ... must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims.

*Id.* at 1914; *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). The Supreme Court concluded that "Pennsylvania's 6–year statute of limitations violates the Equal Protection Clause. Even six years does not necessarily provide a reasonable opportunity to assert a claim on behalf of an illegitimate child." *Clark,* 486 U.S. at 463, 108 S.Ct. at 1915. Nevertheless, *Clark* was not decided upon that conclusion.

> We do not rest our decision on this ground, however, for it is not entirely evident that six years would necessarily be an unreasonable limitations period for child support actions.

*Id.* at 464, 108 S.Ct. at 1915. Instead, the Supreme Court held that the Pennsylvania statute could not withstand the heightened scrutiny of the Equal Protection Clause.*

It is undisputed that Minnesota and Hove were ready to proceed with a paternity claim at least since 1984, seven years prior to this cause of action. Minnesota and Hove did not allege that they were deprived of a reasonable amount of time to assert a claim nor do they claim the statute infringes upon Hove's constitutional rights. Rather, they only allege that the 1989 statute can be applied retroactively. *Clark* does not stand for such a broad proposition.

Under precedent and logic, this Court acknowledges that statutes of limitations do, in fact, have limitations and that Hove's cause of action is barred. The trial court has erred as a matter of law. *Matter of Dependency and Neglect of A.L.,* 442 N.W.2d 233, 235 (S.D.1989). Had this action come before this Court under the 1986 law, it also would have been barred under the 1984 version for the same reasons cited herein.

Reversed.

MILLER, C.J., and AMUNDSON, J., concur.

WUEST and SABERS, JJ., dissent.

WUEST, Justice (dissenting).

I dissent as I believe the six-year statute of limitations on which the majority relies is a violation of the Equal Protection Clause of the Fourteenth Amendment. The issue in this case is not whether the eighteen-year statute of limitations should be given retroactive effect but whether the six-year statute of limitations on which Doese relies is valid. Although the issue of equal protection was not thoroughly briefed by Hove, Doese did allege a violation of the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution; therefore, I do not believe the issue is waived under SDCL 15–26A–60(6). *See Sharp v. Sharp,* 422 N.W.2d 443, 445 (S.D.1988); 16 C.J.S. *Constitutional Law* § 86 (1984) (rule of procedure that constitutionality of statute may

---

* Under 42 U.S.C. §§ 601, 666 (1988), South Dakota must permit the establishment of paternity any time prior to such child's eighteenth birthday in order to receive funding from Title IV, Aid to Families with Dependent Children. Neither side briefed nor presented the issue. *Fullmer v. State Farm Ins. Co.,* 498 N.W.2d 357 (1993); *Weaver v. Boortz,* 301 N.W.2d 673 (S.D. 1981). It is waived. Furthermore, there are no federal or state court interpretations of this statute. Although this law had been in effect approximately three years, we note that it was not applied in *Clark.* For these reasons, this Court shall not apply it either.

not be raised for first time on appeal may be disregarded when faced with a compelling case of considerable public importance).

The United States Supreme Court has struck down as unconstitutional every statute of limitations on an illegitimate's right to establish paternity that has come before it. *Clark v. Jeter*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988); *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); *Mills v. Habluetzel*, 456 U.S. 91, 99, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). To meet the heightened level of scrutiny applied to an equal protection challenge of a statute of limitations in an illegitimate child's paternity suit, the statute must be substantially related to an important government interest. *Mills* states:

> First, the period for obtaining support ... must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims.

*Mills*, 456 U.S. at 99–100, 102 S.Ct. at 1555, 71 L.Ed.2d at 778.

In *Mills*, the Court held a one-year statute of limitations to establish paternity failed both parts of the intermediate test. *Mills*, 456 U.S. at 100–01, 102 S.Ct. at 1555, 71 L.Ed.2d at 778–79. Paternity suits typically will be brought by the child's mother, who might not act swiftly amidst the emotional and financial complications of the child's first year. *Id.*

> Moreover, this unrealistically short time limitation is not substantially related to the State's interest in avoiding the prosecution of stale or fraudulent claims.... We can conceive of no evidence essential to paternity suits that invariably will be lost in only one year, nor is it evident that the passage of 12 months will appreciably increase the likelihood of fraudulent claims.

*Id.*

The very next term the Court struck down Tennessee's two-year statute of limi-

tations, holding it violated both prongs of the intermediate scrutiny test as it did not provide an illegitimate child with an adequate opportunity to obtain support, nor was it substantially related to state interest in preventing the litigation of stale or fraudulent claims. *Pickett*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372.

Five years later, a unanimous United States Supreme Court held Pennsylvania's six-year statute of limitations was an unconstitutional violation of the Equal Protection Clause. *Clark*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465. The Pennsylvania Superior Court had previously determined that Pennsylvania's 1985 enactment of an eighteen-year statute of limitations to establish paternity would not be applied retroactively. *Clark v. Jeter*, 358 Pa.Super. 550, 518 A.2d 276 (1986), *cert. denied*, 515 Pa. 572, 527 A.2d 533 (1987). When the Pennsylvania Supreme Court denied Clark's motion for appeal, the United States Supreme Court granted certiorari. *Clark v. Jeter*, 484 U.S. 1003, 108 S.Ct. 693, 98 L.Ed.2d 646 (1988). In its decision, the Supreme Court applied intermediate scrutiny and determined Pennsylvania's 6–year statute of limitations violated at least the second prong of the intermediate scrutiny test:

> Thus, it is questionable whether a State acts reasonably when it requires most paternity and support actions to be brought within six years of an illegitimate child's birth.... We are, however, confident that the 6–year statute of limitations is not substantially related to Pennsylvania's interest in avoiding the litigation of stale or fraudulent claims.

*Clark*, 486 U.S. at 464, 108 S.Ct. at 1915–16, 100 L.Ed.2d at 473.

In the case before us, Doese denied paternity in August of 1984 and claimed SDCL 25–8–9 barred action against him because more than six years had passed since M.A.W.'s birth. In 1984, SDCL 25–8–9 provided:

> Proceedings to enforce the obligation of the father may not be brought after the lapse of more than six years from the

birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

When the second prong of the equal protection test is applied to South Dakota's six-year statute, it is clear the statute is not substantially related to South Dakota's interest in avoiding the litigation of stale or fraudulent claims. Under South Dakota law in 1984, paternity could be established after six years in a number of situations. First, like Pennsylvania, under SDCL 25–8–9 South Dakota set no time limit as to the father's right to establish paternity. "[N]o statute of limitations applies to a father's action to establish paternity." *Clark*, 486 U.S. at 464, 108 S.Ct. at 1916, 100 L.Ed.2d at 474. Second, an acknowledged illegitimate person could inherit from his father under SDCL 29–1–15. *In re Kessler's Estate*, 76 S.D. 158, 74 N.W.2d 599 (1956); *see also Matter of Erbe*, 457 N.W.2d 867, 871 (S.D.1990) (Wuest, C.J., dissenting) (statute which prevents unacknowledged illegitimate child from inheriting from father without provision for proving paternity is unconstitutional); *cf. Clark*, 486 U.S. at 464, 108 S.Ct. at 1916, 100 L.Ed.2d at 474 (Pennsylvania law allows illegitimate to establish paternity for purposes of intestacy by clear and convincing evidence). As evidence that South Dakota had little interest in avoiding stale or fraudulent claims, SDCL 15–2–22 tolled statutes of limitations for most civil causes of action accruing to a minor until one year after reaching majority. "Recently, the Pennsylvania Legislature enacted a statute that tolls most other civil actions during a child's minority." *Clark*, 486 U.S. at 464, 108 S.Ct. at 1916, 100 L.Ed.2d at 474; *Pickett*, 462 U.S. at 15–16, 103 S.Ct. at 2208, 76 L.Ed.2d at 384; *Mills*, 456 U.S. at 104–105, 102 S.Ct. at 1557–58, 71 L.Ed.2d at 781 (O'Connor, J. concurring). Further, South Dakota's subsequent amendments to SDCL 25–8–9 indicate the legislature did not consider problems with proof of paternity insurmountable.[1] "A more recent indication that Pennsylvania does not consider proof problems insurmountable is the enactment by the Pennsylvania Legislature in 1985 of an eighteen-year statute of limitations for paternity and support actions." *Clark*, 486 U.S. at 465, 108 S.Ct. at 1916, 100 L.Ed.2d at 474. In short, I believe South Dakota's six-year statute of limitations fails the intermediate scrutiny test and violates the Equal Protection Clause of the Fourteenth Amendment.

An unconstitutional statute offers no protection to Doese. An unconstitutional statute is void from the time of its enactment—it constrains no one, protects no one, and its effect is as if it had never existed. "An unconstitutional Act is not a law; it binds no one, and protects no one." *Huntington v. Worthen*, 120 U.S. 97, 101–02, 7 S.Ct. 469, 471, 30 L.Ed. 588, 590 (1887); *accord State v. Piekkola*, 90 S.D. 335, 241 N.W.2d 563 (1976); *State v. Dove*, 75 S.D. 460, 67 N.W.2d 917 (1955) (a conviction under an unconstitutional statute is a nullity). Unconstitutional legislation is void and is to be treated as if it never existed. *State v. Clark*, 367 N.W.2d 168

---

1. In order to qualify for federal funds under Title IV, Aid to Families With Dependent Children, South Dakota's statute of limitations in paternity claims has been required to comply with the Federal Child Support Enforcement Act since 1984. In fiscal year 1991, the South Dakota Department of Social Services received $180,627,149 in federal funding, including funds under Title IV. State of South Dakota Governor's Budget Fiscal Year 1993, 08–1. Receipt of Title IV funds is conditioned upon complying with 42 U.S.C. §§ 601 et seq. which authorizes federal appropriations for states under Title IV.
   The Federal Child Support Enforcement Act provides, in part:
   (a) In order to satisfy section 454(20)(A) [42 U.S.C. § 654(20)(A) [State plans must include these requirements to be approved] ],

each State *must* have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part [42 U.S.C. §§ 651 et seq.]:
(5)(A)(i) Procedures which permit the establishment of the paternity of any child at any time prior to such child's eighteenth birthday.
(ii) *As of August 16, 1984, the requirement of clause (i) shall also apply to any child for whom paternity has not yet been established and any child for whom a paternity action was brought but dismissed because a statute of limitations of less than 18 years was then in effect in the State.*
42 U.S.C. § 666 (1988) (emphasis added).

(N.D.1985). An unconstitutional statute is just as inoperative as if it had never been enacted. *McGuire v. C & L Restaurant Inc.*, 346 N.W.2d 605 (Minn.1984). An unconstitutional statutory provision is from the beginning no law at all; its invalidity dates from the time of enactment rather than the time of decision branding it as unconstitutional, and it is at no time effective for any purpose. *Briggs v. Campbell, Wyant & Canon Foundry*, 379 Mich. 160, 150 N.W.2d 752 (1967). I believe the unconstitutional statute of limitations is void and offers no protection to Doese.[2]

The argument concerning the retroactive application of the current eighteen-year statute of limitations misses the mark. As the six-year statute of limitations is void, unless the eighteen-year limit is applicable, there exists no valid statute of limitations applicable to paternity claims in South Dakota. *See Bowser v. Zachary*, 375 Pa.Super. 481, 544 A.2d 1022, 1024 (1988) (if eighteen-year statute of limitations for paternity claim is not applied retroactively there would be no statute of limitations in place for cases formerly covered by the unconstitutional statute); *see also Opinion of the Justices*, 131 N.H. 573, 558 A.2d 454, 456 (1989) (if prior statutes of limitations had run and there was no final judgment, retroactive application of eighteen-year statute of limitations did not violate New Hampshire's constitutional provision against retroactive laws where prior statutes of limitations were void under federal constitution). Whether the eighteen-year statute of limitations is applied retroactively or not, no valid statute of limitations has run on Hove's paternity claim against Doese.

SABERS, Justice (dissenting).

I join Justice Wuest's writing. Additionally, the 1989 amendment to SDCL 25–8–9 has retroactive effect and therefore is not applicable to Doese as an affirmative defense under SDCL 15–6–8(c). *Lyons*, 440 N.W.2d at 770. This does not deny Doese

---

**2.** Doese denied paternity in 1984 and asserted the claim was barred by the statute of limitations. Neither Minnesota, Hove or Doese took any further action until this action commenced

---

due process or equal protection of the law under the Fourteenth Amendment to the United States Constitution as he urges. In fact, implementation of his argument would constitute a violation of the due process and equal protection rights of the illegitimate child. *See* authorities set forth in Justice Wuest's writing.

in 1991. The record does not indicate Doese obtained a prior judgment dismissing the claim for untimeliness.