## IN RE the PATERNITY OF A.M.L.: A.M.L., Petitioner-Respondent,

### v.

### J.E.L., Respondent-Appellant.†

Court of Appeals

*No. 90-0300. Submitted on briefs October 9, 1990.—Decided February 28, 1991.*

(Also reported in 467 N.W.2d 570.)

† Petition to review denied.

For the respondent-appellant the cause was submitted on the briefs of *Lee, Kilkelly, Paulson & Kabaker, S.C.* by *Thomas H. Brush* and *Paul W. Schwarzenbart,* of Madison.

For the petitioner-respondent the cause was submitted on the briefs of *Larry E. Nelson,* corporation counsel for Iowa County of Dodgeville.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.   When A.M.L. was fifteen years old, the Iowa County Child Support Coordinator petitioned the circuit court to appoint a guardian ad litem to determine whether it is in her best interests that her paternity be established. The court appointed an assistant district attorney for Iowa County, who commenced this action against J.E.L., alleging that he is the father. J.E.L. moved to dismiss the paternity action, on grounds that the real party in interest is the state, and that its claim is time-barred by sec. 893.195, Stats., 1975, and, further, the guardian ad litem was not appointed in accord with sec. 803.01(3), Stats. The court denied the motion, and we affirm.

A.M.L. was born on May 25, 1974. At that time, because of sec. 52.25, Stats., 1973, only the district attorney could commence a paternity action. If the district attorney declined to prosecute, no one else could. *In re R.W.L.,* 116 Wis. 2d 150, 153, 341 N.W.2d 682, 683 (1984). The state's cause of action accrued on the birth of the child and was subject to a five-year statute of limitation under sec. 893.195, Stats., 1973. Since 1981, sec. 767.45(1), Stats., has permitted a child to commence a paternity action. The child's action must be brought within nineteen years of the date of its birth. Section 893.88, Stats. A child may bring a paternity action within such nineteen years, even if it was born before 1981 and the five-year statute has run on the state's right to bring the action. *R.W.L.,* 116 Wis. 2d at 163, 341 N.W.2d at 687. However, sec. 893.88 does not "revive" the state's cause of action if barred by the five-year statute. *In re D.L.T.,* 137 Wis. 2d 57, 63, 403 N.W.2d 434, 437 (1987).

Appellant contends that the state, by having its representative appointed as guardian ad litem, is attempting to save its time-barred paternity action by bringing it in the name of the child whose claim is not time-barred. To support his motion to dismiss, J.E.L.'s lawyer submitted depositions by the Iowa County Child Support Coordinator, A.M.L. and her mother.

On the basis of the depositions, the trial court found that A.M.L.'s mother had brought a paternity action in Dane County in 1976, which was dismissed on motion of an assistant district attorney for that county. A.M.L. and her mother now reside in Iowa County and receive payments under Aid to Families with Dependent Children (AFDC). *See* sec. 49.19(1)(c), Stats. Such payments are subject to the scrutiny of the federal government

and, as the result of a federal audit, the local child support coordinator was required to recommence this paternity action in Iowa County. If paternity is established and J.E.L. is required to pay support, his payments will be made to the State of Wisconsin. A.M.L. deposed that she had nothing to do with the commencement of this action and had no desire for the court to determine whether appellant is her father. The guardian ad litem submitted nothing of a factual nature opposing the motion to dismiss.

An action not prosecuted in the name of the real party in interest will be dismissed. Section 803.01(1), Stats. Section 767.075(1), Stats., provides in relevant part:

> (1)  The state is a real party in interest within the meaning of s. 803.01 for purposes of establishing paternity, securing reimbursement of aid paid, future support and costs as appropriate in an action affecting the family in any of the following circumstances:
>
> . . .
>
> (c)  Whenever [AFDC] is provided to a dependent child.

While the latter statute provides that the state is "a" real party in interest, appellant asserts that the state is "the" real party. He relies on the Coordinator's having deposed that the AFDC payments are made to A.M.L.'s mother and that the state will recover its AFDC payments by receiving appellant's support payments, if he is adjudicated the father.

The state's motive and role in the commencement of this action does not make it the sole party in interest. As stated in its title, 1987 Wis. Act 413 was adopted in

part to create "incentives for the establishment of paternity in certain cases." Section 1 of that Act declares:

> The legislature finds that it is in the interest of each child to identify the child's father for reasons including medical information and financial support. The legislature declares that it is the policy of this state to promote the interest of children in knowing the identity of both parents.

A clearer legislative recognition that a child has a strong interest in a determination of its paternity is difficult to imagine. That interest exists regardless whether the child or its mother desires that the determination be made. A.M.L. is a real party in interest in this action.

It may be that it is contrary to the best interest of a child that its paternity be established. We have rejected the proposition that "a determination of biological paternity is *always* in the best interest of the child." *In re D.L.H.*, 142 Wis. 2d 606, 614, 419 N.W.2d 283, 286 (Ct. App. 1987). Thus, we held under comparable facts in *In re D.S.L.*, 159 Wis. 2d 747, 465 N.W.2d 242 (Ct. App. 1991), that if it is not in the best interest of the child for a guardian ad litem to bring a paternity action when the state will be able to recoup AFDC payments from the biological father, it should be dismissed without prejudice. Whether establishing A.M.L.'s paternity is not in her best interest remains to be shown.

We reject appellant's argument that because A.M.L. was fifteen years old when application was made by another person to appoint her guardian ad litem, the appointment is invalid. Appellant relies on sec. 803.01(3)(b), Stats., which provides that a guardian ad litem shall be appointed "[w]hen the plaintiff is a minor

137

14 years of age or over, upon the plaintiff's application; . . ." The trial court held, and we agree, that sec. 767.475(1), Stats., controls. That statute provides:

> The court or family court commissioner may appoint a guardian ad litem for the child and shall appoint a guardian ad litem for a minor parent or minor who is alleged to be a parent in a paternity proceeding unless the minor parent or the minor alleged to be the parent is represented by an attorney.

Sections 767.45 through 767.53, Stats., are almost a comprehensive procedural code for the conduct of paternity proceedings. The statute we are considering, sec. 767.475, Stats., itself illustrates the point, since its subsections (2) through (7) provide for, or incorporate other statutes pertaining to, presumptions, evidence, discovery, the statute of limitations, arrest and appointment of a trustee or guardian for property, and, of course, its subsection (1) provides for the appointment of a guardian ad litem. It is significant that its concluding subsection (8) provides: "In all other matters, paternity proceedings shall be governed by the procedures applicable to other actions affecting the family." The significance lies in the inference that the legislature intends us to look first for answers to procedural questions in Chapter 767 ("Actions Affecting the Family") and then to procedures applicable to other actions.

Chapter 767 also contains a general provision applying to guardians in all cases under that chapter, sec. 767.045, Stats.[1] This section makes appointment of a guardian mandatory in certain circumstances, and provides for payment of the guardian's fees. It does not affect the appointment of the guardian in this case, or

---

[1] The text of sec. 767.045 in effect when this guardian was appointed appears in sec. 13, 1987 Wis. Act 355.

imply that the guardian provisions of ch. 803 have any applicability in actions affecting the family. In fact, sec. 767.045(1) implicitly rejects the idea that a minor over fourteen must request a guardian under 803.01(3)(b), Stats., since it provides that the court *shall* appoint a guardian for "a minor child" in certain circumstances.

The supreme court has said that "where statutes provide a specific right to establish paternity, and the procedures to enforce the paternity judgment, the course prescribed in the statutes must, in the absence of constitutional defect, be considered exclusive." *J.M.S. v. Benson*, 98 Wis. 2d 406, 410, 297 N.W.2d 18, 21 (1980), *overruled on other grounds, In re R.W.L.*, 116 Wis. 2d 150, 341 N.W.2d 682 (1984). The same must be said of the provisions in ch. 767 providing for the appointment of a guardian ad litem for a child in a paternity case. Such an appointment is controlled by specific provisions in ch. 767, not the general statute governing such appointments, sec. 803.01(3)(b), Stats.

We conclude that the trial court properly denied appellant's motion to dismiss the paternity action.[2]

*By the Court.*—Order affirmed.

---

[2]J.E.L. argued on appeal that the appointment of the guardian was improper under sec. 767.45(6)(c), Stats. We do not address that issue, since it was not raised in the motion before the trial court.