STATE of South Dakota, By and Through the DEPARTMENT OF SOCIAL SERVICES, ex rel. Gail A. DOTSON, in her own behalf and on behalf of J.D., a minor child, Plaintiff and Appellee,

v.

Meryl D. SERR, Defendant and Appellant.

No. 18058.

Supreme Court of South Dakota.

Considered on Briefs on March 18, 1993.

Reassigned June 8, 1993.

Decided Oct. 6, 1993.

Mark Barnett, Atty. Gen., Pierre, John D. Jacobsen, Gregory County State's Atty., Burke, for plaintiff and appellee.

Wally Eklund of Johnson, Eklund & Abourezk, Burke, for defendant and appellant.

HENDERSON, Justice (on reassignment).

Meryl D. Serr (Serr), now of Gregory, South Dakota, appeals from an amended judgment of paternity and order of support based upon the trial court's retroactive application of SDCL 25–8–9. Once again, this Court is being asked if a cause of action previously barred by a statute of limitations, can be revived through subsequent legislation. Based upon our decision in *State of Minnesota ex rel. Hove v. Doese,* 501 N.W.2d 366 (S.D.1993), we reverse.

## PROCEDURAL HISTORY/FACTS

On June 6, 1978, Gail Dotson (Dotson) gave birth to a son in Pennsylvania. Now, some thirteen years later, she alleges that Serr is the father, based upon a sexual relationship the two had in Nevada prior to 1978, and seeks child support. Serr left Nevada in December, 1977, and had no contact with Dotson until 1989 or 1990 when she made the revelation via a letter and photograph of the child.

On December 6, 1989, Dotson began to receive Aid to Dependent Children in Pennsylvania and applied for child support services pursuant to Pennsylvania's Revised Uniform Reciprocal Enforcement of Support Act. *See* 23 Pa.Cons.Stat.Ann. §§ 4501–4540 (1991). Ex parte, the Court of Common Pleas of Erie County, Pennsylvania, found that Dotson had set forth facts from which it could be determined that Serr owed a duty of support. The certificate of facts and certified copies of Dotson's complaint and paternity petition were forwarded to South Dakota's Department of Social Services and the Gregory County Clerk of Courts.

Pursuant to SDCL ch. 25–9A, the Revised Reciprocal Enforcement of Support Act, and SDCL ch. 25–8, Paternity Proceedings, the State of South Dakota, on behalf of Dotson and her son, initiated an action in Gregory County, thirteen years after the child's birth, to establish Serr's paternity and to compel his support. Serr made a special appearance and filed a motion to dismiss which alleged,

in part, that the action was barred by this state's statute of limitations.

When Dotson's son was born in 1978, SDCL 25–8–9 provided:

Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

Serr contended that under the facts of this case a cause of action for paternity became barred in June 1980.

Between the birth of Dotson's son and the commencement of this action, however, SDCL 25–8–9 underwent revision three times. In 1983, SDCL 25–8–9 was amended to read:

Proceedings to enforce the obligation of the father may not be brought after the lapse of more than six years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

1983 S.D.Sess.L. ch. 207, § 2.

In 1986, the amendment to SDCL 25–8–9 provided:

Proceedings to establish paternity and enforce the obligation of the father may be brought at any time prior to the eighteenth birthday of the child. The provisions of this section apply to all children who have been born since July 1, 1968.

1986 S.D.Sess.L. ch. 218, § 57.

At the time this action was instituted, the legislature had deleted that portion of SDCL 25–8–9 which applied its provisions to all children born since July 1, 1968. SDCL 25–8–9 provided:

Proceedings to establish paternity and enforce the obligation of the father may be brought at any time before the eighteenth birthday of the child.

1989 S.D.Sess.L. ch. 222. The trial court concluded that the 1989 amendment to SDCL 25–8–9 controlled and had retroactive effect. Consequently, it denied Serr's motion to dismiss.

Serr subsequently denied paternity and alleged as an affirmative defense that the statute of limitations barred any cause of action for paternity or support. The trial court entered findings of fact and conclusions of law and concluded that Serr was the biological father of Dotson's son and owed a duty of support. Also, the trial court held that "[t]he statute of limitations is not applicable to [Serr] as an affirmative defense."

*ISSUE*

## DOES THE 1989 AMENDMENT TO SDCL 25–8–9 HAVE RETROACTIVE EFFECT?

*DECISION*

Serr contends that the statute of limitations found in SDCL 25–8–9, as it existed in 1978, controls and barred any action for paternity and support after June 6, 1980. The issue of whether the 1989 amendment to SDCL 25–8–9 has retroactive application was exhaustively reviewed in our recent decision in *Hove, supra*. We held that it does not have retroactive application. In so holding, we pointedly mentioned that SDCL 2–14–21 clearly states that no part of the code "shall be construed as retroactive unless such intention plainly appears." As we previously expressed in *Hove* at 368, "In 1986, such intention did plainly appear as: '[t]he provisions of this section apply to all children who have been born since July 1, 1968.' Yet, this language was removed from the 1989 version of SDCL 25–8–9, and with it any plain intention of retroactivity."

In addition, we noted that because statutes of limitation affect substantive rights they are not given retroactive effect. According to courts addressing the issue, legislation attempting to revive previously time-barred claims impermissibly interferes with a defendant's vested rights and violates due process. The purpose of statutes of limitations is speedy and fair adjudication of the parties' respective rights. The allowance of a retro-

active limitation period would make this purpose meaningless.

We note that Dotson raised United States Supreme Court authorities not discussed in *Hove*.* Both *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), and *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), reviewed retroactivity of statutes; however, *neither decision revived a cause of action previously barred.* Moreover, *Pickett* held that the interested parties did not have adequate time to obtain child support. We do not face such an assertion here. Rather, thirteen years after the birth of her son, Dotson only seeks retroactive application of a barred claim. Authorities she now cites do not necessitate such a broad proposition. For these reasons and the rationale discussed in that opinion, we adhere to our decision in *Hove*. Consequently, Dotson's cause of action is barred.

Reversed.

MILLER, C.J., and AMUNDSON, J., concur.

WUEST and SABERS, JJ., dissent.

WUEST, Justice (dissenting).

For the reasons expressed in my dissent in *Minnesota ex rel. Hove v. Doese*, 501 N.W.2d 366, 371–74 (S.D.1993) (Wuest, J., dissenting), I dissent. In the present case, the majority opinion fails to address the constitutional issues raised by appellee Dotson. As I have previously stated, the South Dakota statute of limitations fails the intermediate scrutiny test and violates the Equal Protection Clause of the Fourteenth Amendment. Therefore, the provision is void, and offers no protection to Serr.

SABERS, Justice (dissenting).

I dissent.

The trial court correctly applied the 1989 amendment to SDCL 25–8–9 retroactively since it is a statute affecting a remedy which

---

* Dotson did not specifically raise any constitutional issues on her own behalf. However, her brief discussed several U.S. Supreme Court decisions concerning Equal Protection and paternity/statute of limitation issues, all of which have been distinguished by this writing and our reliance upon and discussion in *Hove*.

merely continued an eighteen-year limitation period that had earlier been made applicable to children born since July 1, 1968. Therefore, the trial court should be affirmed.

SDCL 25–8–9 is a pure statute of limitations and not a condition which the law attaches to the right to maintain an action. Statutes of limitations are remedial, not substantive. *Chase*, 325 U.S. at 314, 65 S.Ct. at 1142, 89 L.Ed. at 1636 (as a matter of constitutional law, statutes of limitations go to matters of remedy, not to destruction of fundamental rights); *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989). Although statutes will not be applied retroactively unless a clear intention of such operation is indicated, SDCL 2–14–21, *In re Estate of Scott*, 81 S.D. 231, 133 N.W.2d 1 (1965), "[a]s early as 1928, this court has held that statutes [a]ffecting remedy or procedure as opposed to those affecting substantial rights are given retroactive effect." *Lyons*, 440 N.W.2d at 770 (citations omitted). This principle was unanimously affirmed by this Court in *West v. John Morrell & Co.*, 460 N.W.2d 745 (S.D.1990) (statutes which are merely procedural or remedial are to be given retroactive effect) and *Dahl v. Sittner*, 474 N.W.2d 897 (S.D.1991) (where a new statute deals only with procedure, it applies to all actions, including those which have already accrued or are pending).

According to the majority writing, *Chase* and *Pickett* are distinguishable authority because neither case "revived a cause of action previously barred." I disagree. In *Pickett*, Child was born on November 1, 1968. Mother filed an action to establish paternity in May, 1978. The applicable statute of limitations provided that "[p]roceedings to establish the paternity of the child and to compel the father to furnish support ... shall not be brought after the lapse of more than two (2) years from the birth of the child." *Pickett*, 462 U.S. at 3 n. 1, 103 S.Ct. at 2201 n. 1, 76 L.Ed.2d at 376 n. 1 (citing Tennessee Code

Ann. § 36–224(2) (1977)). In an unanimous decision, the United States Supreme Court struck down the Tennessee statute, holding that the statute denied "certain illegitimate children the equal protection of the laws guaranteed by the Fourteenth Amendment" and remanded the case for proceedings not inconsistent with its opinion. *Pickett*, 462 U.S. at 18, 103 S.Ct. at 2209, 76 L.Ed.2d at 386. In other words, the Court *revived* Mother's cause of action, which the present majority would claim was barred two years after the birth of Child. While *Pickett* stated that a two-year limitations period does not provide illegitimate children with an adequate opportunity to obtain support, *Clark v. Jeter*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988) stated that "[e]ven six years does not necessarily provide a reasonable opportunity to assert a claim on behalf of an illegitimate child." *Id.* at 463, 108 S.Ct. at 1915.[1]

In *Chase*, the non-registered securities were sold on August 10, 1929. The action to recover the purchase price of the securities was brought in November, 1937. The defendant seller asserted Minnesota's six-year statute of limitations as a defense. While proceedings were pending in the lower court, the legislature enacted a statute, effective July 1, 1941, which amended the Blue Sky Law. The statute provided that "where delivery had occurred more than five years prior to the effective date of the Act, which was the fact in this case, the action might be brought within one year after the law's enactment." *Chase*, 325 U.S. at 308, 65 S.Ct. at 1139, 89 L.Ed. at 1632. The defendant argued that the statute, *if applied so to lift the bar*, deprived him of property without due process of law, in violation of the Fourteenth Amendment.

The Supreme Court, noting that "[a]s the case stood in the state courts it is not one where a defendant's statutory immunity from suit had been fully adjudged so that legisla-

---

1. Statutes of limitations that apply to suits to establish paternity must pass *both* prongs of a *two-pronged* analysis to survive an equal protection challenge. *"First,* the period for obtaining support ... must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. *Second,* any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims." *Clark,* 486 U.S. at 462, 108 S.Ct. at 1914, 100 L.Ed.2d at 472 (citation omitted) (emphasis added).

tive action deprived it of a final judgment in its favor," *id.* at 310, 65 S.Ct. at 1140, stated that "it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is *per se* an offense against the Fourteenth Amendment." *Id.* at 316, 65 S.Ct. at 1143. The Court went on to apply the new limitations statute retroactively, citing with approval its holding in *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885) that "where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." *Id.,* 325 U.S. at 311–12, 65 S.Ct. at 1141.

Retroactivity aside, SDCL 25–8–9, as it existed prior to the 1986 amendment, violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Clark,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988) (Supreme Court addressed only the equal protection claim, stating that whether statutes of limitations are applied retroactively is a matter of state law). As clearly outlined in *Pickett,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (two-year statute of limitations held unconstitutional) and *Clark,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (six-year statute of limitations held unconstitutional), SDCL 25–8–9 was unconstitutional at all times prior to 1986 because it violated the Equal Protection Clause of the Fourteenth Amendment. *See generally, Feltman v. Feltman,* 434 N.W.2d 590, 594 (S.D.1989) (Henderson, J., dissenting) (discrimination against children of a "non-custodial" parent's second family is as irrational, and hence unconstitutional, as discrimination against illegitimate children). As noted above, the statute was amended in 1986 to allow paternity proceedings any time prior to the eighteenth birthday of *any* child. Therefore, as in *Pickett* and *Clark,* because the statute at issue was unconstitutional, it is not, nor was it ever, available to the defendant as an affirmative defense.[2]

As the Supreme Court so aptly stated in *Trimble v. Gordon:*[3]

The status of illegitimacy has expressed through the ages society's condemnation of irresponsible liaisons beyond the bonds of marriage. But visiting this condemnation on the head of an infant is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual—as well as an unjust—way of deterring the parent. The parents have the ability to conform their conduct to societal norms, but their illegitimate children can affect neither their parents' conduct nor their own status.

*Id.* at 769–770, 97 S.Ct. at 1465 (citation omitted). And yet, by refusing to allow this cause of action, the Supreme Court of the State of South Dakota is once again imposing an unconstitutional disability on illegitimate children. *See State of Minnesota ex rel. Hove v. Doese,* 501 N.W.2d 366 (S.D.1993). We should affirm.

2. Absent the statute, the child is on equal footing with legitimate children, and Dotson would have until the child reached the age of eighteen to establish paternity and seek child support.

3. *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), rejected the Illinois intestate succession act which foreclosed an illegitimate child's paternal inheritance rights.