State of South Dakota, ex rel., Bonnie L. BARROW, Plaintiff and Appellee,

v.

Dennis BLADOW, Defendant and Appellant.

No. 18593.

Supreme Court of South Dakota.

Considered on Briefs on May 26, 1994.

Decided Sept. 7, 1994.

A. Thomas Pokela, Sp. Asst. Atty. Gen., Sioux Falls, for plaintiff and appellee.

Michael E. Unke, Salem, for plaintiff and appellant.

PER CURIAM.

At the time the child at issue in this paternity action was born, the statute of limitations for paternity actions was six years from the birth of the child. Within that six years, the statute of limitations was enlarged to eighteen years. In this decision, we hold that the trial court's application of the eighteen year statute rather than the six year statute did not violate South Dakota law forbidding the retroactive revival of a cause of action already barred by expiration the statute of limitations. Therefore, we affirm.

FACTS

Bonnie Barrow (mother) is the mother of a child born to her out of wedlock in 1983. At that time, the statute of limitations governing paternity actions provided:

> Proceedings to enforce the obligation of the father may not be brought after the lapse of *more than six years from the birth of the child,* unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

SDCL 25–8–9 (Supp.1983) (emphasis added). In 1986, only three years after the birth of the child, the statute of limitations was amended as follows:

> Proceedings to establish paternity and enforce the obligation of the father may be brought at *any time prior to the eighteenth birthday of the child.* The provisions of this section apply to all children who have been born since July 1, 1968.

1986 S.D.Sess.L. ch. 218, § 57 (emphasis added). In 1989, SDCL 25–8–9 was again amended into its current form:

> Proceedings to establish paternity and enforce the obligation of the father may be brought at *any time before the eighteenth birthday of the child.*

1989 S.D.Sess.L. ch. 222 (emphasis added).

Mother commenced this paternity action against Dennis Bladow (father) in 1992, more than six years after the birth of the child, but, well before the child's eighteenth birthday. A trial to the court was held and father raised the original six year statute of limitations as an affirmative defense. The trial

court applied the eighteen year statute of limitations and entered a paternity judgment and child support order against father. Father appeals.

## ISSUE

### DID THE TRIAL COURT ERR IN APPLYING THE EIGHTEEN YEAR STATUTE OF LIMITATIONS RATHER THAN THE SIX YEAR STATUTE OF LIMITATIONS?

Father argues that the trial court's application of the eighteen year statute of limitations in this case is contrary to previous holdings of this court foreclosing retroactive revival of causes of action already time barred by expiration of the statute of limitations. *See, State of Minn. ex rel. Hove v. Doese,* 501 N.W.2d 366 (S.D.1993); *State By and Through DSS v. Serr,* 506 N.W.2d 421 (S.D.1993). We disagree.

*Hove* and *Serr* were also paternity actions. In *Hove, supra,* the child was born in 1976 when the statute of limitations for paternity actions was two years after the birth of the child. SDCL 25–8–9 (1967). Thus, that statute of limitations expired in 1978. The paternity action was commenced in late 1991, thirteen years after expiration of the two year statute of limitations and two years after the 1989 amendment enlarging the statute of limitations to eighteen years. The plaintiff contended that the 1989 amendment revived the previously time barred paternity action and the trial court agreed. However, on appeal, this court rejected that argument holding:

> [T]he state legislature which creates a statute of limitations may not enact a statute that retroactively revives a cause of action already barred by the statute of limitations. When a right to sue has expired under the applicable statute of limitations prior to the effective date of a new and longer statute, the new limitations period cannot revive the expired cause of action. Amendments extending the time of a filing of a lawsuit will not be applied

retroactively to revive causes of action previously barred.

*Hove,* 501 N.W.2d at 370 (citations omitted).

In *Serr, supra,* the child was born in 1978. The two year statute of limitations for paternity actions was also in effect at that time. SDCL 25–8–9 (1976 Rev.). Thus, the statute of limitations expired in 1980. The paternity action was commenced in 1991. When the statute of limitations was raised as a defense, the trial court held that the 1989 amendment enlarging the statute of limitations to eighteen years was applicable and allowed the action to proceed to judgment. On appeal, this court held:

> [L]egislation attempting to revive previously time-barred claims impermissibly interferes with a defendant's vested rights and violates due process. The purpose of statutes of limitations is speedy and fair adjudication of the parties' respective rights. The allowance of a retroactive limitation period would make this purpose meaningless.

*Serr,* 506 N.W.2d at 423.

The instant case is distinguishable from both *Hove* and *Serr* in one important way. In both *Hove* and *Serr,* the paternity action was already barred by the running of the statute of limitations *before* any amendment enlarging the statute. In this instance, the six year statute of limitations in effect at the time the child was born had not yet run when the statute was first amended and enlarged to eighteen years in 1986. Thus, application of the eighteen year statute of limitations in this case does not retroactively revive a cause of action *already barred* as prohibited by *Hove* and *Serr.* This paternity action was never barred by expiration of the statute of limitations because the statute was enlarged before it ever lapsed.

The above distinction was recognized by this court in *Hove* with its citation of *Goff v. Mills,* 279 S.C. 382, 308 S.E.2d 778 (1983). In *Goff,* the Supreme Court of South Carolina held that the enlargement of a limitations period would govern the claim of a worker's compensation claimant since his claim had not been barred under the preexisting statute. In reaching that conclusion, the South Carolina court specifically ob-

served that, "[w]e ... see no problem in this case of reviving a stale cause of action." *Goff,* 308 S.E.2d at 780. Thus, in *Hove,* we cited *Goff* for the proposition that an enlarged limitations period would govern a claim not time barred under the preexisting statute. *See, Hove,* 501 N.W.2d at 370.

The view that an enlarged limitations period governs claims not already time barred under the preexisting statute is consistent with the general rule that, "a legislature may validly enlarge the period of limitation and make it applicable to existing causes of action, provided, according to most of the authorities, that this does not revive a cause of action already barred." 51 Am.Jur.2d *Limitation of Actions* § 40 (1970). *Accord* Annotation, *Validity, and Applicability to Causes of Action Not Already Barred, of a Statute Enlarging Limitation Period,* 79 A.L.R.2d 1080 (1961) (a number of cases recognize validity of statutes enlarging limitations period as to causes of action not barred by original limitation period). Moreover, "amendments extending statutes of limitation apply to pre-existing claims not already barred, unless the amendatory act expressly provides otherwise[.]" 51 Am.Jur.2d *Limitation of Actions* § 41 (1970).

Based upon the above authorities, since mother's paternity action against father was not barred by the running of the statute of limitations at the time the statute was enlarged, the trial court correctly determined that the enlarged statute should govern the claim.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.