2000 D.S.D. 37

**Betty Ann GROSS, f/k/a Owen, Plaintiff,**

v.

**Robert R. WEBER, Defendant.**

**No. CIV. 97–1025.**

United States District Court, D. South Dakota, Northern Division.

Aug. 28, 2000.

Richard Leroy Johnson, Timothy Joseph Langley, Sioux Falls, SD, for Plaintiffs.

David R. Gienapp, Arneson, Issenhuth & Gienapp, Madison, SD, for Defendants.

## AMENDED ORDER

KORNMANN, District Judge.

### INTRODUCTION

[¶ 1.] Plaintiff filed this action against Robert R. Weber ("Weber"), her former high school teacher, and the Sisseton School District ("the District"), alleging violations of 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, arising out of Weber's alleged sexual abuse of her from September of 1964 to September of 1966. Plaintiff also alleged state law causes of action for assault, battery, failure to supervise and infliction of emotional distress.

[¶ 2.] The District filed a motion to dismiss the complaint on the basis that the plaintiff did not state a cause of action under § 1983 against the District and that Title IX cannot be retroactively applied to the District. The District contended that since the federal causes of action against the District should fail, the District Court should decline to exercise its pendent jurisdiction over plaintiff's state law claims. Alternatively, the District contended plaintiff's state law claims were not brought within the time permitted by the applicable statute of limitations.

[¶ 3.] In response to the motion to dismiss, plaintiff filed a motion to amend her complaint to add a cause of action under the Violence Against Women Act, 42 U.S.C. § 13981, and to abandon her state law claims. Plaintiff conceded that the § 1983 claim is solely against Weber. Plaintiff also conceded that the state law claims against the District must be dismissed. This Court dismissed the District, having determined that plaintiff cannot bring claims against the District under Title IX and 42 U.S.C. § 13981 for conduct occurring prior to their enactment.

[¶ 4.] Plaintiff was allowed to amend her complaint to delete all claims against the District and to delete all claims against Weber except for her claim under 42 U.S.C. § 1983. Weber moved for summary judgment (Doc. 51), contending plaintiff's action is barred by the statute of limitations or, alternatively, is barred by the doctrine of laches.

### DECISION

[¶ 5.] The summary judgment standard is well known and has been set forth by this Court in numerous opinions. See Hanson v. North Star Mutual Insurance Co., 1999 D.S.D. 34 ¶ 8, 71 F.Supp.2d 1007, 1009–1010 (D.S.D.1999), Gardner v. Tripp County, 1998 D.S.D. 38 ¶ 8, 66 F.Supp.2d 1094, 1098 (D.S.D.1998), Patterson Farm, Inc. v.

*City of Britton,* 1998 D.S.D. 34 ¶ 7, 22 F.Supp.2d 1085, 1088–89 (D.S.D.1998), and *Smith v. Horton Industries,* 1998 D.S.D. 26 ¶ 2, 17 F.Supp.2d 1094, 1095 (D.S.D. 1998). Summary Judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Donaho v. FMC Corp.,* 74 F.3d 894, 898 (8th Cir.1996). The material facts are not in dispute. Only legal issues are present before the Court. "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995).

[¶ 6.] Plaintiff's amended complaint alleges that she was sexually abused by Weber between September of 1964 and September of 1966. Plaintiff claims she read a newspaper article which was dated July 8, 1994, which caused her to discover that certain injuries and conditions from which she suffers were caused by the sexual abuse she claims she suffered as late as 1966. On June 30, 1997, plaintiff filed a complaint in this matter. The complaint was delivered into the hands of the Codington County Sheriff on July 9, 1997, for service and was served upon Weber on July 11, 1997.

[¶ 7.] The United States Supreme Court held in *Wilson v. Garcia,,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985), that the limitations period for a section 1983 action is governed by the most analogous state statute of limitations, which is usually the statute of limitations for personal injury actions in the state in which the claim accrues. "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Bell v. Fowler,* 99 F.3d 262, 266 (8th Cir.1996). That statute, SDCL 15–2–15.2, was enacted in 1983 and originally provided only a two year period of limitations. SL 1983, Ch 155, § 1. In 1986, the period was extended to three years. SL 1986, ch 158. This period of limitations is equal to the three year period of limitations for personal injury actions in South Dakota. SDCL 15–2–14. Plaintiff's claims are clearly barred by either of these statutes of limitation.

[¶ 8.] Plaintiff argues that the most applicable statute of limitations is not the personal injury statute of limitations[1] but instead the period of limitations set forth in SDCL 26–10–25 for civil actions arising out of the sexual abuse of a child:

Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later.

Statutes of limitation commence running either from the date of occurrence or from the date of discovery of the damage. *See Green v. Siegel, Barnett & Schutz,* 1996 SD 146, ¶ 10, 557 N.W.2d 396, 399. SDCL 26–10–25 is a discovery rule. *See Shippen v. Parrott,* 506 N.W.2d 82, 90 (S.D.1993) (Sabers, J., dissenting). Plaintiff claims that she discovered on July 8, 1994, that her injuries or conditions were caused by defendant's acts which ended in September of 1966. Although we apply the state statute of limitations in an action under 42 U.S.C. § 1983, commencement of an action is a procedural matter governed by federal law. *Thomsen v. United Parcel Service, Inc., Local 710, Intern. Broth. of Teamsters,* 792 F.2d 115, 117 n. 3 (8th Cir.1986). Pursuant to Fed.R.Civ.P. 3, an action is commenced by filing a complaint. Plaintiff filed her complaint on June 30, 1997. If

1. Weber originally argued that the personal injury statute of limitations applied but in his reply brief asserted that the civil rights statute of limitations applied.

SDCL 26–10–25 applies, plaintiff's claims against Weber have been timely brought.

[¶ 9.] The South Dakota Supreme Court ruled in 1995 that SDCL 26–10–25 does not apply retroactively to incidents of abuse occurring before its enactment in 1991. *Koenig v. Lambert*, 527 N.W.2d 903, 904 (S.D.1995). However, the South Dakota Supreme Court overruled that decision on August 28, 1997, holding that this section does apply retroactively to abuse occurring before 1991. *Stratmeyer v. Stratmeyer*, 1997 SD 97 ¶ 1, 567 N.W.2d 220, 220. Defendant contends that at the time this action was instituted, *Koenig* was the law in effect and, therefore, SDCL 26–10–25 does not apply to extend the period of limitations. This argument is merely academic as discussed below.

[¶ 10.] The South Dakota Supreme Court has held that:

Even the state legislature which creates a statute of limitations may not enact a statute that retroactively revives a cause of action already barred by the statute of limitations. When a right to sue has expired under the applicable statute of limitations prior to the effective date of a new and longer statute, the new limitations period cannot revive the expired cause of action. Amendments extending the time of a filing of a lawsuit will not be applied retroactively to revive causes of action previously barred.

*State of Minn. ex rel. Hove v. Doese*, 501 N.W.2d 366, 370 (S.D.1993) (citations omitted). That rule has been consistently applied by the South Dakota Supreme Court. *See State By and Through Dept. of Social Services ex rel. Dotson v. Serr*, 506 N.W.2d 421, 423 (S.D.1993), and *Barrow v. Bladow*, 521 N.W.2d 141, 143 (S.D.1994). The "legislature may validly enlarge the period of limitation and make it applicable to existing causes of action, provided, according to most of the authorities, that this does not revive a cause of action already barred." *Barrow v. Bladow*, 521 N.W.2d at 143. The South Dakota Supreme Court's opinion in *Koenig* was based not only on the premise that SDCL 26–10–25 could not be applied retroactively to abuse which had occurred prior to its enactment in 1991, but also on the premise that even if applied retroactively, it could not revive a cause of action which had already expired. *Koenig v. Lambert*, 527 N.W.2d at 904–05. The *Stratmeyer* decision did not address the South Dakota Supreme Court's decisions holding that the legislature did not have the authority to revive a dead cause of action. The decision rested on the legislature's intent. However, the South Dakota Supreme Court has made it clear, that notwithstanding the legislature's intent, "legislation attempting to revive previously time-barred claims impermissibly interferes with a defendant's vested rights and violates due process." *Dotson v. Serr*, 506 N.W.2d at 423.

[¶ 11.] Plaintiff alleges that she was sexually abused from 1964 through 1966, from the seventh grade until the ninth grade. At that time, the period of limitations for personal injury actions was three years. SDC 1960 Supp. 33.0232(5), now SDCL 15–2–14. Assuming plaintiff was under the age of 21 years when the action accrued, her infancy extended the time in which it could be brought for one year after she attained that age. SDC 1960 Supp. 33.0204, now SDCL 15–2–22. Clearly, the statute of limitations ran on this action more than 25 years ago. Plaintiff's cause of action cannot be revived by the passage in 1991 of SDCL 26–10–25.

## ORDER

[¶ 12.] IT IS ORDERED:

1. Defendant Weber's motion for summary judgment, Doc. 51, is granted.

2. This matter is dismissed with prejudice and without costs.